SWIFT *v.* STATE OF INDIANA.

[No. 470S76. Filed December 7, 1970. No petition for rehearing filed.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit with the theft of an automobile. He plead not guilty, and, jurisdiction over him having been waived by the juvenile court, a trial was had before the Marion Criminal Court, Division Two, without the intervention of a jury and resulted in a finding

and judgment of guilty and a sentence of 360 days at the Indiana State Farm.

Appellant assigns as error the trial court's overruling of his motion for new trial. Two portions of that motion are presented to this Court on appeal, the first espouses the view that the evidence was insufficient to support the verdict; the second objects to the fact that certain information was solicited of the appellant by questions directed by the court instead of by the prosecuting attorney, and to the use made of that information. We turn now to a consideration of the issues.

In reviewing a criminal conviction we may consider only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. *Adams* v. *State* (1969), 252 Ind. 407, 248 N. E. 2d 551. That evidence in this case is as follows:

On June 11, 1969, William Stroud drove his wife's 1967 Chevrolet Camaro to 4006 Meadows Drive and parked it. The same day, the automobile was taken from that location by someone other than the owner without permission or authorization. Later that same day at 5:11 P.M., Police Officer Carroll Rosenbarger saw the automobile at the Twin-Aire Car Wash with the defendant and another man preparing to wash it. As the officer pulled up, the two ran and the defendant was apprehended. The defendant was found to have the keys to the stolen car in his pocket. The other man, only known to the defendant as "Willie", escaped apprehension.

Our first consideration concerns whether the state has met its burden of establishing guilt beyond a reasonable doubt. Here the state was required to establish that appellant (1) knowingly (2) obtained or exerted (3) unauthorized control over the automobile (4) with the intent to deprive the owner permanently of it. Ind. Ann. Stat. § 10-3030 (1956 Repl.) (1970 Supp.). The evidence clearly shows appellant knowingly had possession of the keys to the auto-

mobile while in near proximity to it, thus plainly establishing his control of it. It was further shown that the exercise of dominion was unauthorized by the rightful owner. Appellant asserts however that it was not demonstrated that he took control with the intent to permanently deprive the owner of the automobile's benefit and use. But, we have earlier held that possession of stolen property shortly after a theft may support an inference of guilt. *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246. In further support of the state's view of the case is the fact that appellant and a companion attempted to flee when they observed a police officer approaching. While it is true that appellant alleged his flight was prompted by the fact that he was an escapee from the Indiana Boys' School and that the keys to the vehicle had been given to him by "Willie", the party who successfully eluded capture, without any indication the car was stolen, the trier of fact chose not to believe that version. As we have repeatedly held, we may not on appeal determine the credibility of witnesses. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89; *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501. Since it was the province of the court as trier of fact to weigh the facts of appellant's possession and flight and his explanations of them, and since appellant's version was found wanting, the state met its burden.

We will now turn to appellant's contention that it was error for the court to direct certain questions to appellant. We quote from the record the colloquy complained of:

"The Court: What were you at the boys school for?
A. I went for Parole violation.

The Court: What's the parole violation for?
A. Uh.

The Court: Vehicle Taking?
A. Yes, Sir.

The Court: How many times?
A. How many times have I been to Boys Schools?

The Court: No, how many times have you been in for Vehicle Taking?

A. This is the second time.

The Court: This is the second time only?

A. Yes, Sir.

The Court: And they—sit down a minute. You mean that Juvenile Court Judge sent you out to Boy (sic) school on the first time?

A. It was my first offense of Vehicle Taking. It wasn't my first offense.

The Court: How many times were you in Juvenile Court?

A. Three others.

The Court: How many?

A. Three.

The Court: Three others, and you're only seventeen years old?

A. Yes, Sir.

The Court: Do you know why the Juvenile Court sent this case to me, why they didn't handle it?

A. No, Sir."

Jurisdiction over appellant had been waived by the Juvenile Court hence his trial as an adult.

Because the offenses for which he was sent to the Boys' School were dealt with under the juvenile courts, appellant relies upon Ind. Ann. Stat. § 9-3215 (1956 Repl., 1970 Supp.), for the proposition that such proceedings and the results thereof were unavailable for use against him. He asserts that they were so used by the trial court. We find it unnecessary to reach the statutory issue as, viewing the colloquy in its entirety, we do not feel the information elicited from appellant was used against him. This is indicated by an exchange between the court and the Deputy Prosecutor. We quote from the record:

"Mr. Young: Well, I know what his record is.

The Court: I don't do I?"

Such a statement by the court clearly shows its realization that information gleaned from the questioning complained of could not be taken into account in rendering the verdict. Even absent such an assertion by the court there is a presumption that it, as the trier of fact, considered only that evidence properly before it. *U. S.* v. *Wolff* (7th Cir. 1969) 409 F. 2d 413, cert. den. 396 U. S. 858, 24 L. Ed. 2d 108.

In light of the court's statement and the presumption and the tenor of the colloquy as a whole, we find the court below to have been well within the scope of valid judicial discretion.

We do not find appellant's allegation that the court erred in directing questions to him to be well taken. It is well recognized that the trial court may direct questions to a witness to aid in the fact-finding process as long as it is done in an impartial manner and the defendant is not prejudiced. *Dombkowski* v. *State* (1967), 249 Ind. 32, 230 N. E. 2d 602; *Edmonds* v. *State* (1966), 247 Ind. 332, 215 N. E. 2d 547.

Rather than prejudicing appellant the trial court was inquiring into the propriety of the juvenile court's waiver of jurisdiction over him. This concern of the court was in direct accord with our decision in *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320, and could hardly be said to have prejudiced appellant. As we earlier noted, the tenor of the record, when coupled with the court's comment on the impropriety of taking judicial note of a portion of appellant's testimony, makes it clear that appellant was not prejudiced.

For these reasons appellant's conviction must be upheld.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 264 N. E. 2d 317.