DARRELL ROBERT HANCOCK v. STATE OF INDIANA.

[No. 670S126. Filed April 23, 1971. No petition for rehearing filed.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with theft of a pump valued at $500. Trial by court resulted in a finding of guilty as charged. Subsequently the court entered judgment sentencing the appellant to the Indiana State Reformatory for not less than one nor more than ten years with a fine of $500 and costs.

The facts disclosed by the record are as follows:

State's Witness Ed Hinkle testified that he was employed as a superintendent for S & C Excavators. That on April 13, 1968, he was in charge of the company's equipment. In the afternoon of that date before leaving the construction site he placed the pump in question under a high lift bucket. When he returned to the job site at approximately 7:30 the next morning, the pump was missing. He testified without objection that the pump was worth $500.

State's Witness Thomas Mosely testified that on or about April 13, he was operating a bulldozer at a dump when the appellant and two others approached him with the offer to sell the pump in question. Their asking price was $250; however, after some dickering with Mosely, he purchased the pump from the appellant and his companions for $150.

The appellant first contends that there was a total lack of evidence to establish the value of the pump. Therefore, a

failure to establish that it exceeded the value of $100, which was required under Burns Ind. Stat. Ann., 1970 Supp., § 10-3039, before the appellant could be found guilty and sentenced as in this case. Appellant argues that the State failed to lay a foundation for the testimony of the Witness Hinkle as to value. This may be true; however, we are not called to pass upon this question for two reasons: first, the appellant did not object at the time Hinkle's testimony was offered. Secondly, there is ample evidence in the record through the testimony of Witness Mosely that the appellant and his companions placed a value of $250 on the pump in their initial offer to sell and that after discussion with Mosely agreed to and in fact did sell the pump to Mosely for $150. Thus, there is ample evidence in the record to establish that the pump had a value of at least $150. It is immaterial that the charging affidavit alleged the value to be $500. It is not the exact value of goods which the State is required to prove, but whether the value of goods exceeds $100. *Willoughby* v. *State* (1969), 252 Ind. 13, 245 N. E. 2d 167, 16 Ind. Dec. 637. We, therefore, hold that there is sufficient evidence upon which the trier of fact could reasonably find that the pump in question had a value in excess of $100.

Appellant next argues that there is a total lack of evidence to establish venue. Appellant points out the only evidence relating to venue is the testimony of Officer Dunlap to the effect that the address from which the pump was stolen was in Marion County. Appellant claims this testimony was hearsay in that the officer relied on his notes and that there was no showing that the officer had any personal knowledge of the location of the theft. With this we disagree. The testimony of Officer Dunlap was that he was familiar with the address where the theft occurred and that the address was in Marion County. We, therefore, hold that there was direct testimony by the investigating police officer from which the trier of fact could reasonably fix venue.

Appellant next contends that there is a total lack of evidence to establish the essential elements of the crime of theft as charged in the affidavit. There is no question but what the testimony of State's Witness Hinkle established that a theft in fact occurred. The fact that almost immediately after the theft the pump in question was in the possession of the appellant and his associates and that they exercised control over the pump by selling it to the Witness Mosely is evidence from which the trier of fact could reasonably find that they were in fact the persons who had committed the theft. *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841, 22 Ind. Dec. 606.

The trial court is, therefore, affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; De-Bruler, J., concurs in result.

NOTE.—Reported in 268 N. E. 2d 743.