DAVID W. LINNEMEIER *v.* STATE OF INDIANA.

[No. 3-474A72. Filed July 10, 1975.]

John F. Surbeck, Jr., Chapman and Coslow, of Fort Wayne, for appellant.

Theodore L. Sendak, Attorney General, Wesley T. Wilson, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant David W. Linnemeier (Linnemeier) was convicted of the crime of theft[1] following a trial to the court. His motion to correct errors was overruled by the trial court, and this appeal followed.

Appellant first asserts that certain evidence regarding a conversation between himself and two officers of the Allen County Sheriff's Department was erroneously admitted over his objection. Such conversation transpired at Linnemeier's place of business and consisted, in part, of one of the officers informing appellant that appellant had sold him a stolen boat, and inquiring if restitution of the purchase price would

1. See: IC 1971, 35-17-5-3, Ind.Ann.Stat. § 10-3030 (Burns Supp. 1974).

be made. Linnemeier stated that he would refund a commission he received for the sale of such boat, but would be unable to refund the entire purchase price, and then telephoned his attorney. After conversing with his attorney, appellant asked the officer to contact him again "in a couple of days."

At trial, appellant objected to the introduction in evidence of the substance of this conversation for the reason that he had not been advised of his constitutional rights by the officers prior to such conversation as required by the case of *Miranda* v. *State of Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The record of this cause discloses that such conversation occurred at a time when appellant was not under investigation for any involvement in any crime by such officers and that such officers were acting only in an individual capacity. Further, the record demonstrates that appellant's freedom was not restricted in any manner during the brief conversation in question. Upon these facts, the warnings required by *Miranda* were not required, and the substance of such conversation was properly admitted over the objection voiced by appellant. *U.S. ex rel. Sanney* v. *Montanye* (2d Cir., 1974), 500 F.2d 411; *Iverson* v. *State of North Dakota* (8th Cir., 1973), 480 F.2d 414, *cert. denied,* 414 U.S. 1044, 94 S.Ct. 549, 38 L.Ed.2d 335; *Hall* v. *U.S.* (2nd Cir., 1969), 421 F.2d 540, *cert. denied,* 397 U.S. 990, 90 S.Ct. 1123, 25 L.Ed.2d 398; *Dillon* v. *State* (1971), 257 Ind. 412, 275 N.E.2d 312.

Appellant next questions the sufficiency of the evidence adduced at trial to support his conviction. It should be pointed out that when questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687,

291 N.E.2d 554. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt beyond a reasonable doubt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons, whether they be the jury or, as in the present case the trial court, could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

The statements of fact and reasonable inferences therefrom most favorable to the State in the record of this cause disclose that a 1970 model "Starcraft 21 foot Chieftain boat" and a boat trailer belonging to one Ralph McCreary disappeared on August 14, 1971, from Mr. McCreary's place of employment at Shamokin Dam, Pennsylvania. On August 15, 1971, Mr. Richard Troutman, an Allen County, Indiana, Deputy Sheriff, observed this boat on the premises of "Summit City Marine." Troutman was interested in purchasing such a boat, and stopped to examine it.

Thereafter, Troutman returned to "Summit City Marine" and negotiated the purchase of the boat and trailer with appellant-Linnemeier. Upon being asked how the boat would "trailer", appellant responded that "it trailers real well" and that he "brought it back from Pennsylvania" himself.

Several months after purchasing such boat, Troutman discovered it had been stolen. He again returned to "Summit City Marine", and at this time the conversation occurred which was the subject of the first issue discussed herein. During such conversation, appellant stated that the boat had been brought to Indiana from "the Great Lakes area, Toledo."

At the time of trial, Linnemeier stated that the boat was delivered to him by a third party.

The elements of the crime of theft which are applicable to the case at bar, and which the State must have proved for Linnemeier's conviction to be sustained, are that he knowingly obtained or exerted unauthorized control over the boat and trailer in question with the intent to deprive the owner of the use thereof. See: *Martin* v. *State* (1973), 157 Ind. App. 380, 300 N.E.2d 128; IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974).

Appellant concedes that the State has established that the boat in question was within his control. Further, the evidence reveals that such possession by appellant was without the consent of the owner and, therefore, unauthorized.

The central question raised by appellant with regard to the sufficiency of the evidence in this cause is whether the State has shown that he had the requisite knowledge that his possession of the boat was unauthorized. Appellant acknowledges the existence of the rule that unexplained possession of recently stolen property may give rise to an inference that the possessor either committed the theft or had knowledge of the character of the property. *Hancock* v. *State* (1971), 256 Ind. 337, 268 N.E.2d 743; *Bolton* v. *State* (1970), 254 Ind. 648, 261 N.E.2d 841. However, he asserts that in the instant case his possession was adequately explained.

A contention similar to that of appellant was made to our Supreme Court in *Ward* v. *State* (1973), 260 Ind. 217, 294 N.E.2d 796. In deciding that case, the court stated at 220 of 260 Ind., at 798 of 294 N.E.2d:

> "Appellant also asserts that since he testified as to how he came into possesstion of the property it cannot be said that his possession was 'unexplained' * * *. The mere fact that appellant testified concerning his possession of the lawn mower does not automatically 'explain' his possession. Such possession remains unexplained unless the trier of fact believes the testimony submitted by the appellant. This Court will not weigh the evidence nor determine the credibility of the witnesses. The trial court was within its province to believe or disbelieve the testimony of any witness including the appellant. * * *."

36

As demonstrated by the recapitulation of facts made hereinabove, appellant has offered three explanations of the origin of the subject boat at different times. Once he stated that he personally towed the boat to Fort Wayne from Pennsylvania. At another time, he maintained that the boat was obtained from near Toledo, Ohio. And, at trial, he testified that the boat was delivered to him by a man who no one has been able to locate, and who was always paid in cash.

In light of these inconsistencies, the trier of fact in the case at bar could have rejected each of the explanations offered by appellant, and concluded that his possession of the boat one day after it was stolen compelled the inference that appellant either participated in the theft, or had knowledge that the boat was obtained by theft. Accordingly, it must be concluded that his conviction is supported by sufficient evidence. *Ward* v. *State, supra.*

The final issue raised by appellant is whether he was denied his constitutional right to a fair trial when the prosecutor asked if he had ever used the words "legal larceny" in speaking of transferring boat titles. It is a well-established rule that the making of prejudicial or inflammatory statements by a prosecutor can result in a trial so unfair as to require reversal on appeal. See: *Wasy* v. *State* (1956), 236 Ind. 215, 138 N.E.2d 1.

However, an examination of the record in the case at bar discloses that the words to which appellant objects were used by the prosecutor in connection with a legitimate attempt to prove a criminal intent on appellant's part by reference to a similar offense. *Franks* v. *State* (1975), 262 Ind. 649, 323 N.E.2d 221. Thus, it is clear that the usage of these words by the prosecutor constituted not a prejudicial, inflammatory attack, but rather a proper exercise of the art of trial advocacy.

Furthermore, the trial court herein ultimately stated that any evidence of such a conversation would not be considered by it in deciding the case. Accordingly, this issue is unavailing to appellant.

No reversible error having been demonstrated, the judgment of the trial court must be affirmed.

*Affirmed.*

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 330 N.E.2d 373.