Thomas J. MORGAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-1180A383.

Court of Appeals of Indiana,
Second District.

Nov. 17, 1981.

Leroy K. New, Carmel, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Thomas J. Morgan appeals from his convictions for theft (I.C. 35–43–4–2) (Burns Code Ed., Repl.1979) and carrying a handgun without a license (I.C. 35–23–4.1–3) (Burns Code Ed., Repl.1979).

On May 18, 1979 Officer Wurz of the Indianapolis Police Department parked his car behind a van which Morgan had just parked. Wurz exited his car and approached the van. Meanwhile, Morgan exited the van and told Wurz he was carrying a gun and motioned to his back trousers pocket. Wurz removed and confiscated the gun. Morgan was arrested on June 6, 1979 and charged with theft of the gun and carrying a handgun without a license.

The gun seized from Morgan had been stolen from Lester Rogers on April 29, 1979. Morgan did not have a license to carry a handgun.

Morgan raises three issues on appeal:

1) Whether the trial court erred in overruling Morgan's motion to suppress evidence;

2) Whether the evidence was sufficient to support the theft conviction; and

3) Whether the evidence was sufficient to support the conviction for carrying a handgun without a license.

### I. Improper Admission of Evidence

 Morgan argues the trial court erred in overruling his motion to suppress (motion) and allowing the gun to be admitted in evidence because the gun was found as a result of an illegal search and seizure. We find Morgan has failed to preserve any error as to this issue. When the gun was admitted into evidence, Morgan objected only on the basis the identifying marks on the gun were illegible. When a specific objection to the admissibility of evidence is made at trial any other possible objections are waived. *Gee v. State*, (1979) Ind., 389 N.E.2d 303. Morgan's failure to object at trial on the grounds that the evidence was the product of an illegal search and seizure therefore waives that issue on appeal.[1]

 Furthermore, assuming, arguendo, trial court error in admitting the gun into evidence, the error was harmless. Morgan volunteered the information he had a gun at a time when he had not been the subject of any police conduct. Morgan had parked the van and left it on his own accord. Officer Wurz was only approaching Morgan, without any conversation or gesture, when Morgan volunteered the information he was carrying a gun. The admission would not have been suppressible because it was not the product of the assumed unlawful search or seizure. Morgan's admission, coupled with the evidence Morgan did not have a license to carry a handgun, sustains his conviction for that offense. Therefore, since admission of the gun into evidence was not a prerequisite to his conviction,

*Wilson v. State*, (1975) 164 Ind.App. 665, 330 N.E.2d 356 and was merely cumulative of his admission, any error is harmless. *Clifton v. State*, (1978) Ind.App., 375 N.E.2d 1126; *Candler v. State*, (1977) 266 Ind. 440, 363 N.E.2d 1233.

### II. Sufficiency of the Evidence—Theft

Morgan argues the evidence presented at trial was insufficient to sustain his theft conviction. In reviewing evidence for sufficiency, this court examines only the evidence most favorable to the verdict and the reasonable inferences which flow from that evidence. If the verdict is supported by substantial evidence of probative value, we will affirm. *Griffin v. State*, (1978) Ind. App., 372 N.E.2d 497.

 The evidence inculpating Morgan was his possession of the gun approximately two and one-half weeks after it was stolen. While unexplained exclusive possession of recently stolen property is sufficient to support a theft conviction, *Muse v. State*, (1981) Ind., 419 N.E.2d 1302, we find unexplained exclusive possession of a handgun two and one-half weeks after the theft is not sufficient to support a conviction. In determining whether possession is "recent," we consider not only the length of time between the theft and the possession but also the circumstances of the case (such as defendant's familiarity or proximity to the property at the time of the theft) and the character of the goods (such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome). Annot., 89 A.L.R.3d 1202, 1207 (1979).

The greater the lapse of time the greater the need for the presence of other circumstances or character of the goods to support the recency determination. Thus, where

---

1. Morgan did make a motion to suppress (motion) during the direct examination of Officer Wurz. The motion was based on the ground that the evidence was the product of an illegal search. This motion was taken under advisement by the trial judge. The state then continued its examination of Wurz at some length before the gun was offered into evidence. Making a motion to suppress at any time other than *at the time* the evidence is offered is not sufficient to preserve error. If the motion to suppress is denied or, as in this case, taken under advisement, the party seeking to exclude the evidence must also object at the time the opposing party offers the evidence. *See Harris v. State*, (1981) Ind., 427 N.E.2d 658; *Pointon v. State*, (1978) 267 Ind. 624, 372 N.E.2d 1159. The failure to make a contemporaneous objection will result in a waiver of any error.

the elapsed time is short, that fact in itself makes the possession recent. *Hancock v. State*, (1971) 256 Ind. 337, 268 N.E.2d 743 (Defendant attempted to sell stolen goods later in the day on which they were stolen); *Vaughn v. State*, (1971) 255 Ind. 678, 266 N.E.2d 219 (Defendant admitted having possession of stolen saddles two days after theft); *Swift v. State*, (1970) 255 Ind. 337, 264 N.E.2d 317 (Defendant apprehended with stolen car later in the day on which it was stolen); *Strode v. State*, (1980) Ind. App., 400 N.E.2d 183 (Stolen C.B. found in defendant's car two hours after theft); *Linnemeier v. State*, (1975) 165 Ind.App. 31, 330 N.E.2d 373 (Defendant sold stolen boat on day after theft).

In situations where the lapse of time is not short, the cases relying upon the unexplained exclusive possession of recently stolen property to sustain a conviction have found evidence of other circumstances or of the character of the goods which supports a determination that under the facts the possession was indeed recent. *Muse v. State*, (1981) Ind., 419 N.E.2d 1302 (Evidence showed defendant had possession of stolen van within three weeks after theft. The police also discovered the original registration in the owner's name and the original license plates in the van. The presence of these items and the fact defendant did not have a proper registration for the van were cited as additional evidence from which the jury could have inferred either that defendant had stolen the van or that he knew it was stolen property [The statute under which defendant was convicted did not distinguish between larceny and receiving stolen goods]); *Sansom v. State*, (1976) 171 Ind.App. 33, 354 N.E.2d 336, *reversed on other grounds* (1977) 267 Ind. 33, 366 N.E.2d 1171 (Defendant apprehended in Missouri with stolen furs seven (7) days after theft. Defendant was driving a car with Indiana plates. The court stated "Possession of distinctive fur pelts by individuals acquainted with the ransacked premises cannot be claimed to be insufficient"); *Shank v.*

*State*, (1972) 154 Ind.App. 147, 289 N.E.2d 315 (Defendant found asleep in stolen car 20 days after the theft. Defendant had been seen next to or in the car shortly before the theft.)

The facts of this case are that the time lapse between the theft and the possession was not short. Also, the evidence does not reveal any connection between Morgan and the owner of the gun or the location from which the gun was stolen. In addition, a gun is property which is easily portable and readily transferable. Therefore, we find as a matter of law, under the facts of this case, the possession was not "recent."

This court will reverse on appeal only if "there is a lack of substantial evidence upon an essential element of the alleged offense or where the evidence is without conflict leading to only one reasonable conclusion and the trier of fact has reached a contrary conclusion." *Carpenter v. State*, (1974) 159 Ind.App. 373, 307 N.E.2d 109, at 113. The statute under which Morgan was convicted is as follows:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

I.C. 35–43–4–2. The evidence is undisputed that Morgan exerted unauthorized control over property of another. However, we find no substantial evidence from which the trier of fact could have found beyond a reasonable doubt that he did so knowingly or intentionally. Therefore, we reverse the theft conviction.

III. Sufficiency of the Evidence—Carrying a Handgun without a License.

Morgan also appeals his conviction under I.C. 35–23–4.1–3.[2] The evidence was undisputed that Morgan admitted he was carrying a handgun on May 18, 1979. In addition, an employee of the Indiana State Po-

---

2. "Except as provided in section 4[35–23–4.1–4] of this chapter, no person shall carry a handgun in any vehicle or on or about his person, except in his place of abode, on his property or fixed place of business, without a license issued under this chapter."

lice Records and Data Department testified she had searched the licensing files and determined a handgun license had not been issued to Thomas Morgan.

■ Morgan argues the state failed to prove its case because it failed to show Morgan did not fall under one of the exceptions to I.C. 35–23–4.1–3. It is the burden of the defendant to prove he comes within one of the exceptions. *Moore v. State*, (1977) 267 Ind. 270, 369 N.E.2d 628. The evidence was sufficient to sustain the conviction.

Morgan's conviction and judgment of theft reversed and cause remanded to the trial court with instructions to vacate that conviction and judgment; Morgan's conviction and judgment for carrying a handgun without a license affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.