Joseph D. WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9806–CR–550.

Court of Appeals of Indiana.

June 29, 1999.

William F. Thoms, Jr., Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Defendant–Appellant Joseph D. Williams (Williams) appeals his conviction of theft, a Class D felony. Ind.Code § 35–43–4–2.

We reverse.

### ISSUES

Williams raises one issue for our review, which we state as: whether the State presented sufficient evidence to support his theft conviction.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to Williams' conviction are as follows. After being out of town for the New Year's holiday, Mark Britt returned to his apartment in Marion County, Indiana on January 2, 1997, to find that it had been burglarized. One of the items stolen from Britt's home was a handmade violin which Britt purchased for $2,500.00 and which later was appraised at a value ranging from $9,000,00 to $12,000.00. On January 27, 1997, Williams sold Britt's violin to Richard Oldham at Musician's Repair Service for $50.00. Oldham, who has been in the musical instrument business for twenty-seven years, did not believe the violin was particularly valuable because it was handmade. Williams signed a form verifying that he owned the violin and was authorized to sell it. Oldham identified Williams as the individual who sold him the violin and Williams was arrested on January 31, 1997, and charged with theft, a Class D felony. He was tried by a jury on October 1, 1997, and was found guilty. This appeal ensued.

### DISCUSSION AND DECISION

Williams contends that there was insufficient evidence to convict him of theft. Our standard of review with regard to sufficiency claims is well settled. We neither weigh the evidence nor judge the credibility

of the witnesses. We consider only the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. "If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction." *Newman v. State,* 677 N.E.2d 590, 593 (Ind.Ct.App.1997) (citing *Gant v. State,* 668 N.E.2d 254, 255 (Ind.1996)). We are also mindful that the jury is the trier of fact and is entitled to determine which version of the incident to credit. *Barton v. State,* 490 N.E.2d 317, 318 (Ind.1986). Furthermore, the jury, not this Court, determines the credibility of the witnesses, and a burglary or theft conviction may be sustained by circumstantial evidence. *Ward v. State,* 439 N.E.2d 156, 159 (Ind. 1982).

Ind.Code § 35–43–4–2(a) sets forth the elements of theft, in pertinent part, as follows: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

The State argues that the evidence at trial demonstrated that Williams knowingly exerted unauthorized control over Britt's violin by warranting that it was his to sell and by selling it for cash. Although Williams admits that he had possession of Britt's violin and sold it to Oldham, he testified that he found the violin laying in a pile of junk in an alley and believed he had a right to sell the violin because he had found it.

■■■ The unexplained possession of recently stolen items provides support for an inference of guilt of theft of that property. *Kidd v. State,* 530 N.E.2d 287, 288 (Ind.1988); *Maynard v. State,* 508 N.E.2d 1346, 1357 (Ind.Ct.App.1987). However, to permit an inference of guilt of the crime of theft there must be a showing that the defendant's possession was exclusive when the length of time between the theft and the discovery of the property in the defendant's possession is not recent. *Short v. State,* 443 N.E.2d 298, 307 (Ind.1982) (citing *Muse v. State,* 419 N.E.2d 1302, 1304 (Ind.1981)).

■■■ To determine whether the possession was "recent" we may consider the time period between the theft and the possession, and the character of the goods, "such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome." *Morgan v. State,* 427 N.E.2d 1131, 1133 (Ind.Ct.App.1981). Where the length of time between the theft and possession is short, that fact in itself makes the possession recent. *Id.* at 1134.[1]

■■■ Where the lapse of time is not short, it is necessary to show that the circumstances and/or character of the goods infer the exclusive possession of the stolen property from the time of the theft to the time of possession. *Id.*[2] In *Short v. State,* our su-

1. Citing *Hancock v. State,* 256 Ind. 337, 268 N.E.2d 743 (1971) (on same day goods were stolen defendant attempted to sell them); *Vaughn v. State,* 255 Ind. 678, 266 N.E.2d 219 (1971) (two days after theft defendant admitted having possession of stolen saddles); *Swift v. State,* 255 Ind. 337, 264 N.E.2d 317 (1970) (defendant was apprehended with stolen car on same day of theft); *Strode v. State,* 400 N.E.2d 183 (Ind.Ct.App.1980) (four hours after theft stolen C.B. was found in defendant's car); *Linnemeier v. State,* 165 Ind.App. 31, 330 N.E.2d 373 (1975) (on day of theft defendant sold stolen boat).

2. Citing *Muse v. State,* 419 N.E.2d 1302 (Ind. 1981) (defendant having possession of stolen van three weeks after theft with the original registration in the owner's name and the original license plates in the van creates an inference of guilt); *Sansom v. State,* 171 Ind.App. 33, 354 N.E.2d 336 (1976) (reversed on other grounds 267 Ind. 33, 366 N.E.2d 1171(1977)) (possession of stolen furs seven days after theft by individuals acquainted with the ransacked premises is not insufficient); *Shank v. State,* 154 Ind.App. 147, 289 N.E.2d 315 (1972) (where defendant was seen near car shortly before the theft and was found asleep in car 20 days after theft). *See also Zavesky v. State,* 515 N.E.2d 530, 533 (Ind.1987) (witness testimony that defendant possessed and attempted to conceal motorcycle following theft gave rise to inference of guilt); *White v. State,* 495 N.E.2d 725, 727 (Ind.1986) (the nature of the items found in the defendant's possession, the victim's social security card and a diamond bracelet spelling out the victim's first name, justifies the jury's inference that they were stolen by the defendant); *Gibson v. State,* 533 N.E.2d 187, 189 (Ind.Ct.App.1989) (conviction for automobile theft was supported by the evidence of defendant's possession of stolen car two days after theft, his possession of screwdriver to operate broken ignition, his refusal to identify himself on police officer's request and his false statement that he had not been inside automobile).

preme court held that given the bulky nature and inherent difficulty in moving the goods at issue (sinks, bathtubs, commodes, electrical supplies and plumbing supplies), they were less likely to have changed hands since the time of the theft, and, because the goods were suited for the defendant's business, the showing of exclusivity of appellant's possession during the five week interval from the time of the theft was a reasonable inference for the jury to draw. *Id.* at 307.

In the case at bar, Williams relies on *Morgan v. State*, 427 N.E.2d 1131 in support of his position that the State did not present sufficient evidence to convict him of theft. In *Morgan*, we held that a two and one-half week time period between the theft of a gun and its possession by the defendant was not "recent" especially in light of the evidence showing no connection between Morgan and the owner of the gun or the location from which the gun was stolen, and because a gun is property which is easily portable and readily transferable. *Id.* at 1134. Here, the State argues that *Morgan* is inapplicable because a violin is not as readily portable or transferrable as a gun. The State further argues that because this violin is unique it should not be compared to a handgun. We disagree.

■ Even without considering Williams' testimony or the testimony of his mother, as we are to consider only the evidence which supports the verdict, we conclude that the State did not present sufficient evidence to prove that Williams' possession of the violin was exclusive. There was a minimum of twenty-five days between the time Britt's violin was stolen from his apartment and the time Williams sold it to Oldham. In addition to his possession of the violin, the only other evidence the State presented was the form Williams signed that stated he was the owner of the violin and had the authority to sell it. No other circumstantial or direct evidence was presented to show that Williams had exclusive possession of the violin since the time of its theft. No connection between Williams and the owner of the violin or the location from which the violin was stolen was established.

Further, although the State asserts otherwise, a violin is property which is easily portable and readily transferable. The State also argues that the unique nature and value of the violin creates an inference of exclusive possession. However, the State did not prove that Williams knew of the unique nature of this violin. Oldham, the owner of Musician's Repair Service, who testified for the State, testified that he believed the violin was not particularly valuable because it was handmade and that was the reason he paid Williams only $50.00 for the instrument. Oldham had been in the musical instrument business for twenty-seven years at the time of trial and did not recognize the violin's value. Accordingly, there was no evidence presented to support the inference that Williams should have appreciated the value or uniqueness of the violin.

We do not believe the evidence here is sufficient to establish that Williams knowingly or intentionally exerted unauthorized control over Britt's violin and under the circumstances presented to us, we cannot conclude that a reasonable trier of fact could find the defendant guilty of the offense charged beyond a reasonable doubt.

### CONCLUSION

Based on the foregoing, we find that the State did not present sufficient evidence to prove Williams' guilt of theft beyond a reasonable doubt, and we therefore reverse the trial court's conviction of Williams.

Reversed.

ROBB, J., and DARDEN, J., concur.