748 N.E.2d 914 (2001)
J.B., Appellant-Defendant,
v.
STATE of Indiana, Appellee.
No. 49A04-0008-JV-339.
Court of Appeals of Indiana.
May 3, 2001.
*915 Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.
Karen Freeman-Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
SULLIVAN, Judge.
J.B., a juvenile, appeals the trial court's finding that he committed Auto Theft,[1] an act which would be a Class D felony if committed by an adult. Upon appeal, J.B. claims the evidence was insufficient to support the trial court's adjudication.
We affirm.
The facts most favorable to the trial court's judgment reveal that on the evening of March 6, 2000, Shanon Canady parked and locked his motor scooter outside of a nightclub in Indianapolis. Approximately two hours later, Canady exited the nightclub and discovered that his motor scooter was missing. Canady reported the theft to the police. The next morning, Canady was riding as a passenger in a car when he saw J.B. riding a motor scooter resembling the one stolen. Canady told the driver of the car to follow J.B. to determine whether the scooter was, in fact, Canady's. When Canady told him to stop, J.B. fled on the scooter. Eventually, Canady caught up with J.B., detained him, and called the police.
*916 At trial, Canady testified that he had never given permission to anyone to ride his scooter. In fact, Canady remained in possession of the only key to the scooter. Although the license plate had been removed, Canady was able to identify the scooter J.B. was riding as the one stolen because the vehicle's title and registration were still in the scooter. Canady also testified that when he recovered the scooter, its neck, lock, handlebars, and seat had been damaged, and the ignition had been broken.
When presented with a challenge to the sufficiency of the evidence upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment. Moran v. State, 622 N.E.2d 157, 158 (Ind.1993). We will neither reweigh the evidence nor judge witness credibility. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the adjudication. Id.
To prove that J.B. had committed the act of auto theft, the State was required to prove that J.B. "knowingly or intentionally exert[ed] unauthorized control over the motor vehicle of another person, with intent to deprive the owner of. . . the vehicle's value or use." I.C. § 35-43-4-2.5(b)(1). A motor scooter is a "motor vehicle" for purposes of the auto theft statute. Chapman v. State, 650 N.E.2d 764, 766 (Ind.Ct.App.1995); Ind.Code § 9-13-2-105 (Burns Code Ed. Repl.1997). Driving is a method of exerting control over property. Ind.Code § 35-43-4-1(a) (Burns Code Ed. Repl.1998). Control over another's property is unauthorized if it is exerted without the owner's consent. I.C. § 35-43-4-1(b).
A theft conviction may be sustained by circumstantial evidence. Williams v. State, 714 N.E.2d 671, 673 (Ind.Ct.App.1999). The unexplained possession of recently stolen property may support an inference of guilt of theft of that property. Id.; Jelks v. State, 720 N.E.2d 1171, 1174 (Ind.Ct.App.1999); Miller v. State, 563 N.E.2d 578, 581 (Ind. 1990); Short v. State, 443 N.E.2d 298, 306 (Ind.1982). Possession remains "unexplained" if the trier of fact rejects the defendant's explanation. Gibson v. State, 533 N.E.2d 187, 188 (Ind.Ct.App.1989). J.B. acknowledges these propositions of law, but contends that because he was not charged with actually taking the scooter, his mere unexplained possession of recently stolen property is insufficient to support the trial court's adjudication.
J.B. cites Gibson v. State, 643 N.E.2d 885 (Ind.1994) for the proposition that the State's burden of proof depends upon whether the defendant is charged with being the original taker or accused of subsequent unauthorized possession. According to J.B.'s reading of Gibson, because he was not charged with the actual taking of the stolen property, there must be additional circumstances surrounding his possession of the scooter supporting an inference that he knew it to be stolen.[2] We believe J.B. has misread Gibson.
The Gibson court held that the State may charge someone who receives stolen property from the actual thief, knowing the property was stolen, with either theft or receiving stolen property.[3] 643 N.E.2d at 891. Likewise, the actual *917 taker of the stolen property may be charged with either theft or receiving stolen property. Id. The Gibson court further noted:
Of course, the actual words that the State uses to charge the offense will affect the State's burden of proof. The State must prove beyond a reasonable doubt the conduct charged in the information. Where a specific verb used in the charging instrument is inconsistent with the possibility of the accused either being or not being the actual thief, the State will have certain burdens and the accused certain defenses not available where other words in the statute are used in the charge.
Id. at 891 n. 12 (citations omitted). Thus, pursuant to Gibson, if a charging instrument alleges that the accused "took" the property of another, proof of merely receiving the stolen property might not support a theft conviction. See id.
J.B. contends that Gibson stands for the proposition that unless the State charges an accused with the actual taking, it has effectively charged receiving stolen property, and therefore, in addition to showing the unexplained possession of the recently stolen property, there must also be circumstances supporting an inference that the accused knew that the property was stolen. Although such additional circumstances may be required to prove receiving stolen property, they are not required to prove theft. Compare Shultz v. State, 742 N.E.2d 961, 966 (Ind.Ct.App. 2001), reh'g denied, and Gibson, 643 N.E.2d at 888, with Jelks, 720 N.E.2d at 1174 and Williams, 714 N.E.2d at 673. As noted by this court in Gaddie v. State, 400 N.E.2d 788, 792 (Ind.Ct.App.1980), "to state that one who actually commits a theft knows of the property's stolen character is to utter a truism."
However, Gaddie was decided before our Supreme Court in Gibson noted the substantial overlap between theft and receiving stolen property. Prior to the Gibson decision, some decisions had held that the two crimes were mutually exclusive. See Walden v. State, 538 N.E.2d 288, 291-92 (Ind.Ct.App.1989) (holding that proof that the accused was the actual taker would defeat the charge of receiving stolen property), trans. denied; Hunt v. State, 600 N.E.2d 979, 980 (Ind.Ct.App.1992) (holding that to prove receiving stolen property the State must prove that the defendant knew that the property had been stolen by another).
Although the Gibson court held that the State may charge a defendant with either theft or receiving stolen property, depending upon which of those crimes the person seems most likely to have committed, Gibson, 643 N.E.2d at 891-92, it made no direct mention of how and when the inference from possession of recently stolen property should apply to theft. However, the Gibson court did say:
If the State meets its burden of proof with respect to all the necessary elements of either the theft or receiving stolen property offense as alleged in the charging instrument, it is of no consequence whether the accused was the person who actually took the stolen property from its authorized possessor because, once this burden is met, the State has proved that the accused, whether the actual thief or not, has done precisely what is forbidden by both subsection (a) and (b) [of I.C. § 35-43-4-2]knowingly or intentionally exercising unlawful control over property of another with a purpose to deprive.
Id. (emphasis supplied) (footnote omitted).
Subsequent to Gibson, this court has continued to apply the rule that the mere unexplained possession of recently *918 stolen property is sufficient to support an inference of theft of that property. See Allen v. State, 743 N.E.2d 1222, 1230 (Ind. Ct.App.2001); Jelks, 720 N.E.2d at 1174; Williams, 714 N.E.2d at 673. Therefore, until otherwise instructed by our Supreme Court, if the State charges a defendant with theft, we will continue to apply the rule that the mere unexplained possession of recently stolen property may be sufficient to support such a conviction, but if the State alleges receiving stolen property, the unexplained possession of recently stolen property must be accompanied by additional circumstances which support an inference that the accused knew that the property was stolen.[4]
Here, the charging information alleged that J.B. "did knowingly or intentionally exert unauthorized control over the motor vehicle of Shanon Canady, that is: 1999 Yamaha Motor Scooter, with the intent to deprive the owner of its value or use." Record at 57. Even though the information did not allege that J.B. took the scooter, it charged auto theft, and the unexplained possession of recently stolen property is sufficient to sustain a conviction on this charge. See Jelks, 720 N.E.2d at 1174.
J.B. was seen driving the scooter the morning after it was stolen. Canady testified that J.B. did not have permission to use his motor scooter. Moreover, the scooter's license plate was missing, and the lock and ignition had been broken. When Canady confronted J.B. about the scooter, J.B. attempted to flee. This is sufficient evidence to support the trial court's finding that J.B. was exerting unauthorized control over Canady's scooter with intent to deprive Canady of its value or use.[5]
The trial court's judgment is affirmed.
SHARPNACK, C.J., and MATHIAS, J., concur.
NOTES
[1] Ind.Code § 35-43-4-2.5 (Burns Code Ed. Repl.1998).
[2] Such additional circumstances include "attempts at concealment, evasive or false statements, or an unusual manner of acquisition." Id. at 888.
[3] Ind.Code § 35-43-4-2(b) (Burns Code Ed. Repl.1998).
[4] We recognize that this disparate application of the inference from the possession of recently stolen property may well lead to anomalous results. See Gaddie, 400 N.E.2d at 794, n. 12. The State, pursuant to Gibson, may choose to charge a defendant who knowingly takes property from the original thief with either theft or receiving stolen property. Yet, the circumstantial evidence sufficient to sustain such a defendant's conviction upon appeal depends upon whether the State chooses to charge the defendant with the former or the latter. Although we are unable to discern the reasoning behind this disparate application of the inference from the possession of recently stolen property, we feel that if a change is to be made in this area, it is for our Supreme Court to make.
[5] Furthermore, even were we to agree with J.B. that the State was required to prove that he knew the scooter was stolen, we would affirm the trial court's judgment. J.B. correctly notes that the test of knowledge is not a subjective one; instead, the test is whether, from the circumstances surrounding the possession, the defendant knew the property had been the subject of a theft. Gibson, 643 N.E.2d at 888. In the present case, there was circumstantial evidence from which the trier of fact could have reasonably inferred that J.B. knew the scooter was stolen. See id. at 887. Although the specific circumstances listed in Gibson may not have been present here, we do not believe those circumstances to be an exclusive list. The facts listed above are also circumstances from which the trier of fact could have reasonably inferred that J.B. knew the scooter was stolen.