NAJAM, Judge,
dissenting.
I respectfully dissent and would vote to affirm the juvenile court's adjudication of C.L. as a delinquent. Our standard of review obliges us to consider only the evidence and the reasonable inferences therefrom that are most favorable to the judgment. J.B. v. State, 748 N.E.2d 914, 916 (Ind.Ct.App.2001). Here, that evidence demonstrates that Landis had decided to get a home loan for repairs, C.L. subse *802 quently demanded a portion of those loan proceeds, and Landis refused C.L.'s demand. C.L. then confronted Landis, Lan-dis stated that he was going to leave, and C.L. threatened to "drag [Landis] back." Appellant's App. at 7. Landis then said he was going to call the police, and C.L. responded by threatening to kill Landis and other family members. Transeript at 283.
The evidence shows that C.L 's threats were in direct response to Landis's prior decision to use the loan proceeds only to repair his residence and not to give C.L. a portion of those proceeds. See Ind.Code § 35-45-2-l(a)(2). That is, Landis had already decided not to give C.L. any money from the loan proceeds, whether or not Landis had himself already received those proceeds, and Landis had conveyed that decision to C.L. A reasonable inference from the evidence demonstrates that C.L.'s threats were intended to place Lan-dis in fear of retaliation for his prior lawful act of having decided not to surrender a portion of his home loan proceeds to C.L. See, e.g., Leggs v. State, 966 N.E.2d 204, 206, 208 (Ind.Ct.App.2012). As such, I would affirm the juvenile court's adjudication of C.L. as a delinquent.