

FILED

Dec 07 2016, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Meggan Smith
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Reginald Webster,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 7, 2016

Court of Appeals Case No.
49A05-1603-CR-417

Appeal from the Marion Superior
Court

The Honorable David Hooper,
Magistrate

Trial Court Cause No.
49F08-0303-CM-42430

**Crone, Judge.**

# Case Summary

Reginald Webster appeals his conviction for class A misdemeanor carrying a handgun without a license, following a bench trial. He raises two issues for our review, one of which we find dispositive: namely, he asserts that the trial court clearly erred in denying his Indiana Trial Rule 41(B) motion for involuntary dismissal. Finding that dismissal was warranted, we reverse his conviction.

# Facts and Procedural History

On March 17, 2003, the Indianapolis Metropolitan Police Department received an anonymous tip that three black males and one white female were selling drugs on the front porch of the residence located at 1554 East Naomi Street in Indianapolis. Officers Robert L. Wheeling, Jr., and Richard L. Hemphill, Jr., were dispatched to the scene. Upon arrival, the officers observed one black male and one white male sitting on a couch located on the porch. When the officers exited their police vehicles, they each observed the black male, later identified as Webster, bend over toward the bottom of the couch and then quickly sit back up. The officers observed the white male, later identified as Jason Borenstein, reach over the porch railing and place something shiny in a shrub. The officers approached the males and asked them to stand. Concerned for officer safety, Officer Wheeling conducted a patdown search of Webster. Officer Hemphill then lifted up the couch and found a loaded .357 Magnum handgun directly under the front edge of the couch where Webster had been sitting and where he had reached. Webster did not present the officers with a permit or a license to carry a handgun.

The State charged Webster with class A misdemeanor carrying a handgun without a license. During the bench trial, Webster objected to the admission of and moved to suppress evidence of the handgun arguing that the anonymous tip was unreliable and that the officers lacked reasonable suspicion of criminal activity when they searched him. The trial court denied the motion and admitted the evidence. Thereafter, at the close of the State's evidence, Webster moved for involuntary dismissal pursuant to Indiana Trial Rule 41(B). Specifically, Webster argued that the State had failed to prove that he possessed the handgun in a place other than his dwelling, property, or place of business, which is an element of the offense of carrying a handgun without a license. The trial court denied the motion and found Webster guilty as charged. This appeal ensued.

## Discussion and Decision

Webster asserts that the trial court clearly erred in denying his motion for involuntary dismissal pursuant to Indiana Trial Rule 41(B). Our review of a trial court's decision to grant or deny a motion to dismiss pursuant to Trial Rule 41(B) is well-established:

> The grant or denial of a motion to dismiss made under Trial Rule 41(B) is reviewed under the clearly erroneous standard. In reviewing a motion for involuntary dismissal, this [C]ourt will not reweigh the evidence or judge the credibility of the witnesses. We will reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court.

*Todd v. State,* 900 N.E.2d 776, 778 (Ind. Ct. App. 2009) (citations omitted). In a criminal action, a defendant's Trial Rule 41(B) motion is essentially a test of the sufficiency of the State's evidence. *Id.* Our review of the denial of a motion for involuntary dismissal is limited to the evidence presented by the State during its case-in-chief. *Nichols v. State*, 31 N.E.3d 1038, 1041 (Ind. Ct. App. 2015).

[5] The statute in effect at the time Webster was alleged to have committed his offense provided in relevant part that "a person shall not carry a handgun in any vehicle or on or about the person's body, except in the person's dwelling, on the person's property or fixed place of business, without a license issued under this chapter being in the person's possession." Ind. Code § 35-47-2-1(a). Thus, the essential elements comprising the offense are that: (1) Webster (2) possessed (3) a handgun (4) in a place that was not his dwelling, property, or fixed place of business. *See Armstrong v. State*, 742 N.E.2d 972, 978 (Ind. Ct. App. 2001) (noting essential elements of carrying handgun without a license). Once the State establishes that a defendant carried a handgun on or about his person, away from his dwelling, property, or fixed place of business, the burden shifts to the defendant to demonstrate that he possessed a valid license. *Id.* at 977 (citing *Harris v. State*, 716 N.E.2d 406, 411 (Ind. 1999)). "Thus, proof of the presence of a license to carry a handgun is an exemption or exception to, and not an element of the crime of carrying a handgun without a license." *Id.*

[6] At the close of the State's evidence, Webster moved for involuntary dismissal arguing that the State failed to prove that he possessed the handgun in a place other than his dwelling, property, or fixed place of business. Specifically, he

argued that the State presented no evidence to show that 1554 East Naomi Street was not his dwelling, property, or fixed place of business. We agree.

[7] In response to Webster's motion for involuntary dismissal, the State argued that similar to the defendant's possession of a valid license, the location where the defendant is carrying the handgun is an exemption or exception to, rather than an element of, the offense of carrying a handgun without a license. Thus, the State maintained, and the trial court mistakenly agreed, that it was Webster's burden to prove that 1554 East Naomi Street *was* his dwelling, property, or fixed place of business as opposed to the State having the burden to prove that 1554 East Naomi Street *was not* his dwelling, property, or fixed place of business.[1] This was clear error. As we already stated, the location where the defendant is carrying a handgun is an essential element of the charged offense. *Armstrong,* 742 N.E.2d at 978; *see also Harris*, 716 N.E.2d at 411 (Ind. 1999); *Washington v. State*, 517 N.E.2d 77, 78 (Ind. 1987); *Woods v. State*, 768 N.E.2d 1024, 1027 (Ind. Ct. App. 2002); *Seel v. State*, 739 N.E.2d 170, 172 (Ind. Ct. App. 2000). The State presented no evidence that Webster possessed the

---

[1] During trial, the State directed the trial court to *Morgan v. State*, 427 N.E.2d 1131, 1135 (Ind. Ct. App. 1981), for the proposition that "it is the burden of the defendant to prove he comes within one of the exceptions" to the carrying a handgun without a license statute. Relying on *Morgan*, the State argued that the location where the defendant is carrying a handgun is an "exception" to the offense, and therefore that Webster had the burden to prove that he was "carrying it lawfully in his place of abode." Tr. at 56. The trial court accepted this argument, concluding that "burden-shifting is allowed" and that "from a common sense standpoint" it seems logical that a defendant should have the burden to prove that he was in his dwelling, property, or fixed place of business rather than the State having the burden to prove that he was not in his dwelling, property, or fixed place of business. *Id*. at 58. As we stated above, the location where the defendant is carrying a handgun is an essential element of the offense and not an exception, and despite the State's arguments to the contrary, we do not think that *Morgan* suggests otherwise.

handgun in a place other than his dwelling, property, or fixed place of business.[2] Accordingly, the trial court clearly erred in denying Webster's motion for involuntary dismissal, and we reverse his conviction for class A misdemeanor carrying a handgun without a license.

Reversed.

Kirsch, J., and May, J., concur.

---

[2] The State briefly mentions that a 2016 arrest record, admitted for purposes of fingerprint identification, lists Webster's address as 3331 West 33rd Street. The State implies that this evidence supports a reasonable inference that Webster did not reside at 1554 East Naomi Street at the time he committed the alleged offense in 2003. We agree with Webster that "[l]ittle, if anything, can be inferred" from his address thirteen years after the alleged offense, and that such evidence was insufficient to prove that Webster was in a place that was not his dwelling, property, or fixed place of business when he possessed a handgun in 2003. Reply Br. at 5.