## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2019, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone Sims,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 29, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2145<br><br>Appeal from the<br>St. Joseph Superior Court<br><br>The Honorable<br>Jeffrey L. Sanford, Judge<br><br>Trial Court Cause No.<br>71D03-1801-F5-12 |

**Kirsch, Judge.**

[1] Tyrone Sims ("Sims") was convicted after a jury trial of theft[1] as a Class A misdemeanor and burglary[2] as a Level 5 felony. Sims now appeals, claiming that the evidence was not sufficient to support his convictions.

[2] We affirm.

## Facts and Procedural History

[3] On Sunday, January 21, 2018, around 1:30 a.m., Mark Vanator ("Vanator"), the owner of a local automotive business ("the Store"), was notified by his security company that the alarm had been triggered by someone entering the Store. *Tr. Vol. 2* at 72. Vanator drove to the Store. *Id.*

[4] Roughly twelve minutes later, Vanator arrived at the Store and found that glass from a window was broken. *Id.* Vanator dialed 911. *Id.* When the police arrived, the officers asked Vanator to come into the Store to determine if anything was missing. *Id.* at 73. He went inside and noticed a jack, which was usually by the now-broken window, was missing. *Id.* The missing jack was blue with a yellow handle and weighed roughly seventy pounds. *Id.*

[5] On the same day around 3:00 a.m., South Bend Police Department Officer Paul Daley ("Officer Daley") heard an alarm go off while he was patrolling an industrial area just north of the Store. *Id.* at 104. While investigating the alarm,

---

[1] *See* Ind. Code § 35-43-4-2(a).

[2] *See* Ind. Code § 35-43-2-1.

Officer Daley saw Sims with a cart by an industrial building. *Id.* at 105. Officer Daley did not expect to see anyone in the area since it was the middle of the night and the weather was so cold. *Id.* at 106. Officer Daley went over to Sims to make sure he was okay, and he saw a blue jack with a yellow handle in the cart. *Id.* at 109. Vanator later identified the jack Sims had in his cart as the jack that was missing from the Store. *Id.* at 78.

[6]     The State charged Sims with Level 5 felony burglary and Class A misdemeanor theft. *Appellant's App. Vol.* 2 at 10. A jury trial began on August 23, 2018 and concluded on August 24, 2018. *Tr. Vol. 2* at 1. The jury found Sims guilty of both charges. The trial court then sentenced Sims to three years for the burglary and one year for the theft and ordered that the sentences would be served concurrently. *Appellant's App. Vol. 2* at 43. Sims now appeals.

## Discussion and Decision

[7]     Sims argues that there was insufficient evidence to support his convictions for Level 5 felony burglary and Class A misdemeanor theft. When we review the sufficiency of evidence, we do not determine the credibility of witnesses or reweigh the evidence. *Boggs v. State,* 928 N.E. 2d 855, 864 (Ind. Ct. App. 2010), *trans. denied.* We consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Fuentes v. State*, 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied.* We will not disturb the jury's verdict if there is substantial evidence of probative value to support it. *Id.* Circumstantial evidence can sustain a conviction. *Baltimore v. State*, 878 N.E.

2d 253, 258 (Ind. Ct. App. 2007), *trans. denied.* Circumstantial evidence does not need to exclude every reasonable hypothesis of innocence and can sustain a conviction if an inference may reasonably be drawn from the evidence to support the judgment. *Id.* We will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Delagrange v. State*, 5 N.E.3d 354, 356 (Ind. 2014).

[8] Sims contends that the State failed to prove that he committed the crimes of burglary and theft. He states that there was no evidence to directly tie him to the burglary and argues that he was never identified as the person who broke and entered the Store, noting that there were no "signs of glass or abrasions" on his person that would connect him to the break-in. *Appellant's Br.* at 8. Sims also argues that there is no evidence of theft since Sims was merely standing next to the jack when Officer Daley saw him, and Sims was not exerting control over the jack. To sustain a conviction for Class A misdemeanor theft, the State must prove that Sims knowingly or intentionally executed control over the property of another with the intent to deprive the other person of any part of its value. Ind. Code § 34-43-4-2(a). While the unexplained possession of recently stolen property standing alone is not sufficient to support a conviction for theft, such possession is to be considered along with the other evidence in the case. *Holloway v. State*, 983 N.E.2d 1175, 1179 (Ind. Ct. App. 2013). In order to sustain a conviction for Level 5 felony burglary, the State must prove beyond a reasonable doubt that Sims broke into and entered a building of another with the intent to commit theft. Ind. Code § 35-43-2-1.

[9] A conviction of burglary or theft may be sustained by circumstantial evidence. *Williams v. State,* 714 N.E.2d 671, 673 (Ind. Ct. App. 1999). The unexplained possession of recently stolen property supports an inference of guilt of theft of that property. *See Jelks v. State*, 720 N.E.2d 1171, 1174 (Ind. Ct. App. 1999); *Williams, supra,* 714 N.E.2d at 673. It is also well established that such unexplained possession of recently stolen property will support a burglary conviction so long as there is evidence that there was in fact a burglary committed. *Steele v. State*, 475 N.E.2d 1149 (Ind 1985).

[10] Here, a rational trier of fact could find Sims guilty of burglary and theft beyond a reasonable doubt. Around 1:30 a.m. on January 21, 2018, an alarm sounded at the Store and a blue and yellow jack was missing. Approximately an hour later, Sims was found by Officer Daley a short distance from the Store. Sims had in his possession the jack that had recently been stolen from the Store.

[11] A reasonable fact-finder could determine that Sims had committed burglary and theft. The entrances to the Store were locked and undamaged. To obtain the jack, Sims had to break the glass and enter through the window. The glass was broken at the Store, and a reasonable fact-finder could conclude that Sims broke the window to enter the Store and steal the jack.

[12] The evidence was sufficient to support Sims' theft and burglary convictions.

[13] Affirmed.

Vaidik, C.J., and Altice, J., concur.