Clovis **STEPHENSON and Mabel Stephenson,** Appellants,

v.

**Bill FRAZIER, d/b/a Bill Frazier Mobile Homes and Vindale Corporation,** Appellees.

No. 2–677A252.

Supreme Court of Indiana.

Aug. 17, 1981.

Raymond A. Brassart, Lennington, Lennington & Brassart, Muncie, for appellants.

William David Neal, Dunnuck, Rankin, Wyrick & Neal, Muncie, for appellees.

ON PETITION TO TRANSFER

PRENTICE, Justice.

The case involves the standard of review for a motion made pursuant to Trial Rule 41(B):

"After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, *may move for a dismissal on the ground that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true,* there is no substantial evidence of probative value to sustain the material allegations of the party against whom the motion is directed. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *."

Plaintiffs (Appellants), who were the purchasers, sued to rescind the contract to purchase a modular home. The Defendant (Appellee) made a TR 41(B) motion at the close of Plaintiffs' case, which the trial court sustained. The Court of Appeals reversed, 399 N.E.2d 794, and the Defendant-Petitioner asserts two grounds for transfer:

1. That the Court of Appeals erroneously decided a new question of law, Ind.R. App.P. 11(B)(2)(b); and

2. That the decision of the Court of Appeals is in conflict with *Puckett v. Miller,* (1978) Ind.App., 3rd Dist., 381 N.E.2d 1087, 1091 (Opinion of Staton, J.). Ind.R.App.P. 11(B)(2)(c).

GROUND I

The issue is whether or not the trial court may weigh the evidence in determining a

TR 41(B) motion. The language of the rule requires the trial court to consider all evidence and inferences therefrom favorable to the non-moving party. The grounds for the motion are also confined to these terms. The Court of Appeals has repeatedly followed this language. *Ohio Casualty Insurance Co. v. Verzele,* (1971) 148 Ind.App. 429, 434, 267 N.E.2d 193, 196; *Clark v. Melody Bar, Inc.,* (1971) 149 Ind.App. 245, 253–54, 271 N.E.2d 481, 486; *Building Systems, Inc. v. Rochester Metal Products, Inc.,* (1976) 168 Ind.App. 12, 13–14, 340 N.E.2d 791, 793; *Board of Aviation Commissioners of Clark County v. Schafer,* (1977) Ind.App., 366 N.E.2d 195, 197 (trans. denied); *Stath v. Williams,* (1977) Ind.App., 367 N.E.2d 1120, 1123; *Lutheran Hospital of Fort Wayne, Inc. v. Department of Public Welfare of Allen County,* (1979) Ind.App., 397 N.E.2d 638, 646; *Attlin Construction, Inc. v. Muncie Community Schools,* (1980) Ind.App., 413 N.E.2d 281, 283 (trans. denied).

In the recent case of *F. D. Borkholder Co., Inc. v. Sandock,* (1980) Ind., 413 N.E.2d 567, in which the defendant contended that the trial court erred in not granting its TR 41(B) motion, we stated:

> "Our review of the denial of the motion for involuntary dismissal, however, is limited to an examination of the evidence most favorable to Sandock (Plaintiff) which was presented prior to the filing of the motion." *Id.* at 570, n. 2.

The above quoted passage of this Court is derived from the literal language of TR 41(B). Petitioner would have us interpret the rule to accord with Federal cases and cases from other jurisdictions[1] which do allow the trial court to weigh the evidence. As noted in *Puckett, supra,* (Opinion of Chipman, J.), however, the language of the Indiana Rule and the Federal Rule is not the same. The portion of the rule italicized above does not appear in the rules of other jurisdictions which treat involuntary dismissals in nonjury trials. See Annotation, 55 A.L.R.3d 272, 287, n. 24.

The language of TR 41(B) does not permit the trial court to weigh the evidence in determining the motion. Change, if any, in the current practice must be accomplished by amending the rule.

## GROUND II

While urging that the decision of the Court of Appeals, Fourth District, conflicts with *Puckett v. Miller, supra,* Defendant-Petitioner acknowledges that two judges dissented to that portion of the Puckett opinion which is conflicting.

Judge Staton, in writing the Puckett opinion did write, with considerable logic, that the rule under consideration did not proscribe the weighing of evidence. However, that was neither the opinion of the majority nor the rule of the case, hence mere dicta. He wrote, "As we have discussed, we do not believe that the trial judge necessarily weighed the evidence in order to reach his decision. * * * Therefore, even had the trial court weighed the evidence in granting Miller's TR 41(B) motion, it would not have been incorrect in doing so." Judges Chipman and Hoffman expressly dissented from Judge Staton's viewpoint upon the propriety of weighing the evidence and it is clear that the appeal was determined upon other grounds.

The decision of the Court of Appeals being neither erroneous nor in conflict with other decisions of that court, the petition for transfer is denied.

GIVAN, C. J., and DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., votes to grant transfer and affirm trial court.

---

1. Cases are collected in the Annotation, 55 A.L.R.3d 272.