818 N.E.2d 148 (2004)
C.A. BEAN, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A04-0402-CR-103.
Court of Appeals of Indiana.
November 24, 2004.
*149 Chris P. Frazier, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
NAJAM, Judge.

STATEMENT OF THE CASE
C.A. Bean appeals his conviction for Reckless Possession of Paraphernalia, as a Class D felony, following a bench trial.[1] Bean raises two issues for our review, one of which we find dispositive, namely, whether the State presented sufficient evidence to support his conviction.
We reverse.

FACTS AND PROCEDURAL HISTORY
At 12:50 a.m. on February 13, 2003, Indianapolis Police Officer Benjamin Heffner and his partner were patrolling the 4400 block of Linwood Court, a high crime area, when Officer Heffner noticed a car parked along a fence line at the rear of an *150 apartment complex. That particular vehicle caught his attention both because it was located in the place where most of the narcotics trafficking occurred and because he found it unusual that a car would be parked so far away from the buildings when the weather was so cold and parking spots near the entrances were available.
As Officer Heffner drew nearer, he saw Bean, who was sitting in the front passenger seat, and two other adult passengers slump down in their seats as soon as they noticed the police car approaching. He then parked his vehicle behind theirs, walked up to the car, and yelled at them to sit up and to place their hands where they could be seen. The occupants complied with his instructions, and when Officer Heffner peered into the car, he observed a small steel cylinder, which he recognized as a crack pipe, lying on the hump of the vehicle's floorboard, as well as two young children sitting in the back seat. At that point, Officer Heffner ordered the adults to exit the car and patted them down for weapons. After recovering the crack pipe, which had burn marks on the end of it and contained a substance later confirmed to be crack cocaine residue, Officer Heffner placed all three adults under arrest for possession of paraphernalia. Immediately thereafter, Bean volunteered that the other two adults had solicited him for the purposes of purchasing crack, that he agreed to do so, and that he had led them to the spot where the police discovered them. Officer Heffner subsequently performed a search incident to arrest and found in Bean's pocket an instrument known as a "push rod," which is commonly used to clean out crack pipes and to push crack cocaine into them.
The State charged Bean with reckless possession of paraphernalia, both as a Class A misdemeanor and as a Class D felony due to a prior conviction. Bean waived his right to a jury trial, and a bench trial was held on September 3, 2003. During Officer Heffner's testimony, Bean moved to suppress evidence seized during the investigation and arrest. The trial court took the motion under advisement and allowed the testimony to continue for the sake of judicial economy. On September 24, 2003, the trial court denied Bean's motion and found him guilty of the Class A misdemeanor. Thereafter, on January 21, 2004, Bean pleaded guilty to reckless possession of paraphernalia, as a Class D felony under Indiana Code Section 35-48-4-8.3(c). The trial court then entered judgment of conviction and sentenced Bean accordingly. This appeal ensued.

DISCUSSION AND DECISION

Standard of Review
In addressing Bean's claim that the evidence was insufficient to support his conviction, we neither reweigh the evidence nor assess the credibility of the witnesses. Lawson v. State, 803 N.E.2d 237, 241 (Ind.Ct.App.2004), trans. denied. Rather, we look to the evidence most favorable to the judgment and the reasonable inferences therefrom. See id. While we seldom reverse for insufficient evidence, in every case where that issue is raised on appeal we have an affirmative duty to make certain that the proof at trial was, in fact, sufficient to support the judgment beyond a reasonable doubt. See Bunting v. State, 731 N.E.2d 31, 35 (Ind.Ct.App.2000), trans. denied. The Due Process Clause of the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." B.K.C. v. State, 781 N.E.2d 1157, 1163 (Ind.Ct.App.2003) (quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).

*151 Reckless Possession of Paraphernalia
To convict Bean of reckless possession of paraphernalia, the State was required to prove that Bean (1) recklessly, (2) possessed, (3) a raw material, an instrument, a device, or other object, (4) that is to be used primarily for (5) introducing into the person's body a controlled substance. See I.C. § 35-48-4-8.3(c). A person's conduct is reckless if it is done in "plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." See Ind.Code § 35-41-2-2(c). Thus, a showing of recklessness is impossible without a showing of possible harm. Here, the State presented evidence that a crack pipe with burn marks and crack cocaine residue on it was located in plain view, next to Bean on the hump of the car's floorboard, and that police discovered a push rod on his person. Moreover, Bean admitted that they were there to "score crack cocaine," and two young children, ages three and four, were also present in the vehicle. Still, Bean argues that there was insufficient evidence of recklessness to sustain his conviction.[2]
We recently addressed the same issue in Grim v. State, 797 N.E.2d 825 (Ind.Ct.App.2003), and Vertner v. State, 793 N.E.2d 1148 (Ind.Ct.App.2003), and, in both cases, we reversed the reckless possession of paraphernalia convictions on sufficiency grounds. In Vertner, police discovered a crack pipe in the pocket of the defendant, who later admitted that he had used it to smoke crack that evening and that he intended to use it in the future to smoke crack. See Vertner, 793 N.E.2d at 1151, 1154-55. But the State failed to show the harm that might result from the presence of a crack pipe in the defendant's pocket, and, thus, we overturned his conviction as a matter of law. See id. at 1154.
Relying on Vertner, we reached the same conclusion in Grim. There, the police found a residue-containing glass pipe, which was primarily used to consume narcotics, in plain view in the console area of a vehicle in which the defendant was riding. Grim, 797 N.E.2d at 829. As in Vertner, we found the record "devoid of any evidence of the harm which might result from Grim's constructive possession of the glass pipe or that Grim was acting in total disregard of any such harm," and we reversed his conviction due to the State's failure to prove recklessness. Id. at 834.
The facts of this case closely resemble the facts in Grim; in fact, the only salient difference is that, here, two small children were also seated in the car. Nevertheless, we do not see how possession of paraphernalia is made any more reckless by the presence of children.[3] Like the panel that *152 decided Grim, we find Chief Judge Brook's concurring opinion in Vertner particularly useful and informative:
Although the use of a crack pipe might well result in harm, the mere possession of a crack pipe will rarely, if ever, do so, whether to the possessor or to others. If the legislature's intent is indeed to criminalize the possession of items "to be used primarily for" ingesting, testing, or enhancing the effect of controlled substances, regardless of whether the possessor intends to use them for these purposes, then perhaps it should consider ... at the very least, criminalizing the "knowing" possession of these items instead.
Vertner, 793 N.E.2d at 1157 (Brook, C.J., concurring) (emphasis in original).
Given the absence of any evidence of possible harm in the case before us, we follow our clear precedent and hold that the State failed to prove the "reckless" culpability component of the crime of reckless possession of paraphernalia. Because "it is difficult to imagine a set of facts that would satisfy the elements of reckless possession of paraphernalia," we reiterate our prior suggestion that the General Assembly revisit and perhaps revise Indiana Code Section 35-48-4-8.3(c). See id. at 1155 (Brook, C.J., concurring).
In sum, the State's failure to prove that Bean's possession was "reckless" constitutes a failure to prove an essential element of the offense. We therefore reverse Bean's conviction for insufficient evidence, and he may not be retried on this charge. See Cockrell v. State, 743 N.E.2d 799, 803 (Ind.Ct.App.2001) ("When a conviction is reversed due to insufficient evidence, double jeopardy precludes retrial of the overturned conviction.").[4]
Reversed.
SULLIVAN, J., and BARNES, J., concur.
NOTES
[1] Under the former Indiana Code Section 35-48-4-8.3(c), a person who recklessly possessed paraphernalia committed a Class A misdemeanor. See id. However, that same subsection provides that the offense would be considered a Class D felony "if that person ha[d] a previous judgment or conviction under [that] section." See id. The statute in effect at the time Bean committed the alleged offense has since been amended. While the D felony enhancement portion of the statute remains the same, a person now commits a Class B misdemeanor if he recklessly possesses paraphernalia. See id.
[2] Bean does not concede possession of the crack pipe. However, we need not address the issue of constructive possession since we base our holding on the State's failure to prove recklessness, one of the other required elements of the crime with which he was charged. See discussion infra.
[3] Drawing upon the holdings in neglect cases, we note that it is not the possession of illegal drugs in the presence of children that endangers them but rather the illegal use of drugs or dealing in illegal drugs which has been found to endanger children when done in their presence. See White v. State, 547 N.E.2d 831, 836 (Ind.1989) (holding that "knowing exposure of a dependent to an environment of illegal drug use poses an actual and appreciable danger to that dependent and thereby constitutes neglect regarding the endangerment requirement of the offense"); Cleasant v. State, 779 N.E.2d 1260, 1262 (Ind.Ct.App.2002) (extending the holding in White to exposure to dealing in an illegal drug). It is difficult to see how possession of paraphernalia in the presence of a child, without more, endangers the child to a greater extent than does possession of illegal drugs in the child's presence. Thus, while the presence of children alone will not satisfy the recklessness element of the instant offense, the legislature may wish to consider making it an aggravating circumstance. See, e.g., Ind.Code § 35-48-4-7 (Knowing or Intentional Possession of a Controlled Substance, a Class D felony, is considered a Class C felony when it occurs on a school bus or within one thousand feet of school property).
[4] Because we have reversed Bean's conviction on sufficiency grounds, we need not address his argument that the trial court improperly denied his motion to suppress evidence allegedly obtained in contravention of the Fourth Amendment.