**Anthony L. TODD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A05–0810–CR–616.

Court of Appeals of Indiana.

Jan. 29, 2009.

Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Anthony L. Todd appeals from his conviction for Failing to Register as a Sex Offender, as a Class D felony, following a bench trial. Todd raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2002, Todd pleaded guilty to child molesting, as a Class B felony. As a result of that conviction, Todd was required to register as a sex offender in the county of his employment. Since that time, Todd's wife, Bernadette, has owned the Kiwi Hut, a tanning salon in Nappanee in Elkhart County. On January 8, 2008, the State charged Todd with failing to register as a sex offender in Elkhart County for work Todd performed at the Kiwi Hut between March 2007 and October 2007.

At the ensuing bench trial, the State called two former Kiwi Hut employees as witnesses. One, Sheila Losee, testified that she worked five days a week between February and October of 2007. During her employment, she observed Todd "working on the computer[,] . . . answering

the phone, checking the clients in, taking their money, taking them to the tanning beds and cleaning the tanning beds." Transcript at 53. The other former employee, Tammy Mullins, stated that she saw Todd working "[u]sually every morning" that she was working between January 2007 and that summer. *Id.* at 39. Mullins testified that Todd "basically [did] everything that I did." *Id.* at 35. And in July,[1] after Mullins' employment at the Kiwi Hut had ended, Mullins observed Todd at the Kiwi Hut for a "consecutive period" of "fourteen (14) days or longer." *Id.* at 41.

Another witness for the State, Dawn Walker–Chanley, testified that she tanned at the Kiwi Hut "two or three times a week . . . [starting] in the spring . . . and at least through the summer" of 2007 and that Todd "was there almost every time I was there." *Id.* at 68. Walker–Chanley stated that Todd worked behind the counter, took customers to tanning beds, cleaned the tanning beds, and checked in customers. On cross-examination, Walker–Chanley clarified that she tanned at the Kiwi Hut "through the Fall" of 2007. *Id.* at 69.

Following the close of the State's case, Todd moved for dismissal under Indiana Trial Rule 41(B).[2] The trial court denied Todd's motion and, after he presented his case-in-chief, found him guilty as charged. The court then sentenced Todd to six months executed. This appeal ensued.

### DISCUSSION AND DECISION

Todd argues that the State failed to present sufficient evidence in its case-in-

---

1. Mullins identified this time period as the time during the summer in which Bernadette "had been sick." Transcript at 41. And Losee testified that "Bernie got sick . . . in July." *Id.* at 54.

2. In the trial court and on appeal, Todd mistakenly referenced Trial Rule 41(E) rather than Trial Rule 41(B). Trial Rule 41(E) only applies to civil actions. Nonetheless, the trial court treated Todd's motion as a Rule 41(B) motion, and we will do the same.

chief to support his conviction, and therefore the trial court should have granted his Trial Rule 41(B) motion for involuntary dismissal. As this court recently discussed:

Trial Rule 41(B) states, in pertinent part:

> *Involuntary dismissal: Effect thereof.* After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. . . .

Our review of the trial court's Trial Rule 41(B) decision is well-established:

> The grant or denial of a motion to dismiss made under Trial Rule 41(B) is reviewed under the clearly erroneous standard. *Taflinger Farm v. Uhl,* 815 N.E.2d 1015, 1017 (Ind.Ct.App. 2004). In reviewing a motion for involuntary dismissal, this court will not reweigh the evidence or judge the credibility of the witnesses. *Id.* We will reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court. *Chemical Waste Mgmt. of Ind., L.L.C. v. City of New Haven,* 755 N.E.2d 624, 635 (Ind.Ct.App.2001).

*Thornton–Tomasetti Eng'rs v. Indianapolis–Marion County Pub. Library,* 851 N.E.2d 1269, 1277 (Ind.Ct.App.

2006). In a criminal action, "[t]he defendant's [Trial Rule 41(B)] motion is essentially a test of the sufficiency of the State's evidence." *Workman v. State,* 716 N.E.2d 445, 448 (Ind.1999). Notably, our review of the denial of the motion for involuntary dismissal is limited to the State's evidence presented during its case-in-chief. *See Harco, Inc. v. Plainfield Interstate Family Dining Assocs.,* 758 N.E.2d 931, 938 (Ind.Ct.App. 2001); *see also Stephenson v. Frazier,* 425 N.E.2d 73, 74 (Ind.1981) ("Our review of the denial of the motion for involuntary dismissal . . . is limited to an examination of the evidence most favorable to [the State] which was presented prior to the filing of the motion.") (quoting *F.D. Borkholder Co. v. Sandock,* 274 Ind. 612, 413 N.E.2d 567, 570 n. 2 (1980)), *superceded on other grounds,* Ind. Trial Rule 41(B) (as amended Nov. 4, 1981).

*Williams v. State,* 892 N.E.2d 666, 670–671 (Ind.Ct.App.2008) (alterations in original), *trans. denied.*

To prove that Todd failed to register as a sex offender, as a Class D felony, the State was required to prove beyond a reasonable doubt that Todd was:

A sex or violent offender who works or carries on a vocation or intends to work or carry on a vocation full-time or part-time for a period:

> (A) exceeding seven (7) consecutive days; or

> (B) for a total period exceeding fourteen (14) days;

during any calendar year in Indiana regardless of whether the sex or violent offender is financially compensated, volunteered, or is acting for the purpose of government or educational benefit.

Ind.Code § 11–8–8–7(a)(2) (2007).[3] If that language applied to Todd, then Todd was required to "register with the local law enforcement authority in the county where the sex or violent offender is or intends to be employed or carry on a vocation." I.C. § 11–8–8–7(c). The State was also required to prove that Todd knowingly or intentionally failed to so register.[4] I.C. § 11–8–8–17. On appeal, Todd asserts that he did not work at the Kiwi Hut and that, even if he did, he did not do so in excess of the number of days permitted by Section 11–8–8–7(a)(2).[5] We cannot agree.

■ The State presented sufficient evidence to demonstrate that Todd worked at the Kiwi Hut in excess of the statutory time permitted for an unregistered sex offender. The testimony of Losee, Mullins, and Walker–Chanley demonstrates that throughout the summer of 2007 Todd checked clients in at the Kiwi Hut, escorted clients to tanning beds, cleaned the tanning beds, and worked behind the counter. All of those activities were consistent with work at the Kiwi Hut.

Further, the testimony of the State's witnesses demonstrates that, after July 1, Todd worked at the Kiwi Hut for both seven consecutive days and a total period exceeding fourteen days. Mullins testified that she observed Todd at the Kiwi Hut for fourteen consecutive days in July while Bernadette was ill. And Walker–Chanley testified that she witnessed Todd working at the Kiwi Hut two or three times a week through the summer and fall of 2007, which was approximately eighteen weeks. Accordingly, the State's evidence from its case-in-chief does not "point[ ] unerringly to a conclusion different from the one reached" by the trial court on Todd's Trial Rule 41(B) motion to dismiss, and we must affirm the court's ruling to deny that motion. *Williams,* 892 N.E.2d at 672 (quoting *Thornton–Tomasetti Eng'rs,* 851 N.E.2d at 1277) (alteration in original).

Finally, Todd argues that he presented evidence in his case-in-chief that rebutted the State's evidence. Specifically, Todd contends that he impeached the credibility of the State's witnesses and that Bernadette testified that Todd was not her employee and that she did not miss significant time at the Kiwi Hut during the summer of 2007 due to illness. But the trial court was free to not believe Todd's evidence, and his arguments on appeal are merely requests for this court to reweigh the evidence, which we will not do. *See Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). Thus, Todd did not rebut the State's evidence that he failed to register

---

3. The time period identified by the State in its charging information encompassed both this version of the statute and the prior version of the statute. Under the prior version, the amount of time a convicted sex offender was permitted to work without registering with the county of employment was fourteen consecutive days or a total of thirty days. *See* Ind.Code § 11–8–8–7 (2006). However, those time periods were notably shortened by the General Assembly, and the amended version of the statute became effective on July 1, 2007. *See* P.L. 216–2007 § 15 (eff. July 1, 2007). As such, we consider the evidence only in light of the amended version of that statute.

4. Todd does not present cogent argument that he did not knowingly or intentionally violate Indiana Code Section 11–8–8–7.

5. Insofar as Todd's arguments on appeal can be interpreted to mean that he did not violate Indiana Code Section 11–8–8–7 because he was not compensated for his work, such an interpretation goes against the statute's plain language and is therefore without merit. I.C. § 11–8–8–7(a)(2) (stating that a sex offender is required to register "regardless of whether the sex or violent offender is financially compensated").

as a sex offender, and we affirm his conviction.

Affirmed.

BAKER, C.J., and KIRSCH, J., concur.