Byron HELMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0910–CR–987.

Court of Appeals of Indiana.

May 6, 2010.

Joel M. Schumm, Jordan M. Stover, Certified Legal Intern Appellate Clinic, Indiana University School of Law–Indianapolis, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

### STATEMENT OF THE CASE

Byron Helms brings this interlocutory appeal of the trial court's admission of evidence and denial of his motion to dismiss.

We affirm in part and reverse in part.

### ISSUES

1. Whether the trial court abused its discretion in admitting evidence.

2. Whether the trial court erred in denying Helms' motion to dismiss the charge of reckless possession of paraphernalia.

### FACTS

On the night of January 25, 2009, Indianapolis Metropolitan Police Officer Brady Ball noticed Helms exiting a motel parking lot in a red minivan. Officer Ball knew the motel to be "one of the worst motels in the city," with "[d]rugs sold there." (Tr. 18). Officer Ball followed one or two cars behind as Helms traveled east on 21st Street. He initiated a traffic stop of Helms after he observed Helms suddenly change from one traffic lane to another without signaling, forcing another driver to brake suddenly. An in-car video camera recorded the ensuing stop.

Officer Ball requested Helms' driver's license, which Helms provided. Upon questioning, Helms informed Officer Ball that he had come from a friend's house, which Officer Ball knew was untrue. As soon as Helms "told that lie," he began to act nervous; he "started to shake" and "would not look at" Officer Ball. (Tr. 8). Given Helms' behavior and that he recently had left a motel known for extensive drug activity, Officer Ball had Helms step out of and to the rear of the minivan.

Officer Ball then "requested [Helms'] consent to search the vehicle." (Tr. 8). Helms gave his consent to a search of the vehicle, after which Officer Ball gave him a *Pirtle* warning, including that "he had a right to refuse consent and to consult an attorney." (Tr. 8). After receiving the warning, Helms stated that he did not understand. He and Officer Ball engaged in a discussion regarding whether Helms was lying about his activities that night. Officer Ball then asked Helms whether it was "okay" to proceed with the search, after which Helms put up his hands to allow Officer Ball to search his person. (State's Ex. 2).

Subsequently, Officer Ball conducted a search of Helms' person. He next checked Helms' driver's license and determined that it was valid. He then handcuffed Helms; placed him in his patrol car; and conducted a search of Helms' vehicle.

The search revealed a glass pipe tucked behind the driver's side interior door han-

dle. Officer Ball observed "a brownish kind of residue" inside of the pipe. (Tr. 12). Based upon his training and experience, Officer Ball identified the pipe as the type commonly used to smoke cocaine.

Officer Ball ticketed Helms for an unsafe lane movement and placed him under arrest for possession of paraphernalia. Officer Ball then placed the pipe in an envelope, which he sealed and labeled. He later "placed it in the narcotics drop box for evidence." (Tr. 13). A forensic analysis determined that "the residue inside of the glass pipe was cocaine." (Tr. 23).

On March 23, 2009, the State charged Helms with reckless possession of paraphernalia as a class A misdemeanor pursuant to Indiana Code section 35–48–4–8.3(c).[1] Helms did not file any pre-trial motions. The trial court commenced a bench trial on September 8, 2009.

During the trial, the State moved to admit into evidence the pipe found in Helms' vehicle. Helms "object[ed] to the cocaine pipe . . . being admitted into evidence," arguing that there was "no testimony that [it] in fact . . . does [sic] cocaine." (Tr. 14). The trial court overruled the objection and admitted the pipe into evidence.

The trial court, however, next inquired whether Helms "wish[ed] to challenge the admissibility on other grounds. . . ." (Tr. 15). Helms responded in the affirmative, asserting that a proper foundation had not been laid because Officer Ball did not perform the forensic analysis on the pipe. The trial court overruled Helms' objection,

finding that "Officer Ball's testimony was that it was suspected cocaine" and that "Officer Ball testified that that pipe is the pipe that he found in the van when he stopped" Helms. (Tr. 15).

The State next sought to admit into evidence the laboratory examination report on the forensic analysis conducted on the pipe. Helms again objected "based on the information that this was an illegal search and seizure of the alleged pipe." (Tr. 25). The trial court overruled the objection and admitted the report into evidence.

At the conclusion of the State's case-in-chief, Helms orally moved for involuntary dismissal pursuant to Indiana Trial Rule 41(B). Helms asserted that the State had failed to prove that he recklessly possessed paraphernalia. He also moved to suppress the pipe, asserting that he "had no opportunity to respond to the officer once he gave his *Pirtle* warnings," thereby rendering the search and seizure illegal. (Tr. 26).

After reviewing the videotape entered into evidence, the trial court denied Helms' motion to suppress and motion to dismiss, from which Helms now appeals to this court.

## DECISION

### 1. *Motion to Suppress*

■ Helms contends that the trial court erred when it denied his motion to suppress. Specifically, he asserts that the pipe should be suppressed because he did

---

1. We note that the State charged Helms with "recklessly" possessing the glass pipe pursuant to subsection (c) of Indiana Code section 35–48–4–8.3. (App.15). Subsection (c) of Indiana Code section 35–48–4–8.3 provides that reckless possession of paraphernalia is a class B misdemeanor. Mere possession of paraphernalia is a class A infraction while knowingly or intentionally possessing para-

phernalia is a class A misdemeanor. Although the State charged Helms with "recklessly" possessing the glass pipe pursuant to Indiana Code section 35–48–4–8.3(c), the State filed the charge as a class A misdemeanor. The parties proceeded to trial under the charge of reckless of possession of paraphernalia.

not waive his right to counsel prior to the search of his vehicle.

We first note that this case arises from unusual procedural circumstances. Helms did not file a motion to suppress the pipe prior to the trial. During the State's case-in-chief, he objected to the admission of the pipe on the grounds that the State failed to lay the proper foundation. The trial court overruled his objection and admitted the pipe into evidence. Following the State's case-in-chief, Helms moved to suppress the pipe, asserting illegal search and seizure. The trial court denied the motion.

Helms now frames the issue before us as whether the trial court erred in denying his motion to suppress. The issue, however, is not whether the trial court erred in denying his motion to suppress, but whether the trial court abused its discretion in admitting the evidence. *See Baird v. State*, 854 N.E.2d 398, 403 (Ind.Ct.App. 2006) ("Once a case proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable."), *trans. denied.*

■ In objecting to the admission of the pipe, however, Helms did not challenge the constitutionality of the search until after the evidence had been admitted and the State's case-in-chief completed. "In order to preserve a claim of trial court error in the admission or exclusion of evidence, it is necessary at trial to state the objection together with the specific ground or grounds therefore at the time the evidence is first offered." *Mullins v. State*, 646 N.E.2d 40, 44 (Ind.1995). Thus, Helms has waived this issue for appellate review. *See id; see also N.W.W. v. State*, 878 N.E.2d 506, 509 (Ind.Ct.App.2007) (finding that the defendant "waived any objection to the admissibility of the show-up identification by failing to make timely and specific objections at the denial hearing."), *trans.*

*denied.* Accordingly, we affirm the trial court's admission of the pipe into evidence. Waiver and admission of the pipe notwithstanding, we conclude that Helms was entitled to involuntary dismissal of the charge against him for the reason set forth below.

### 2. *Motion to Dismiss*

■ Helms asserts that the trial court erred in denying his motion to dismiss the charging information pursuant to Trial Rule 41(B) because the State produced no evidence that he recklessly possessed the pipe. We agree.

Trial Rule 41(B) provides, in relevant part, as follows:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been ·shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

■ We review a trial court's decision to grant or deny a motion to dismiss pursuant to Trial Rule 41(B) under the clearly erroneous standard. *Todd v. State*, 900 N.E.2d 776, 778 (Ind.Ct.App.2009). In reviewing a motion for involuntary dismissal, we will neither reweigh the evidence nor judge witness credibility. *Id.* We will reverse the trial court only if the evidence is not conflicting and points unerringly to a

conclusion different from the one reached by the trial court. *Id.*

■ In a criminal action such as this, a defendant's motion to dismiss pursuant to Trial Rule 41(B) " 'is essentially a test of the sufficiency of the State's evidence.' " *Id.* (quoting *Workman v. State,* 716 N.E.2d 445, 448 (Ind.1999)). "Notably, our review of the denial of the motion for involuntary dismissal is limited to the State's evidence presented during its case-in-chief." *Todd,* 900 N.E.2d at 778.

In order to convict Helms of reckless possession of paraphernalia, the State was required to prove that he

recklessly possesse[d] a raw material, an instrument, a device, or other object that is to be used primarily for:

(1) introducing into the person's body a controlled substance;

(2) testing the strength, effectiveness, or purity of a controlled substance; or

(3) enhancing the effect of a controlled substance[.]

I.C. § 35–48–4–8.3(c).

■ A person's conduct is reckless if it is done in "plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." I.C. § 35–41–2–2(c). Thus, "a showing of recklessness is impossible without a showing of possible harm." *Castner v. State,* 840 N.E.2d 362, 366–67 (Ind.Ct. App.2006). Given this standard, " 'it is difficult to imagine a set of facts that would satisfy the elements of reckless possession of paraphernalia.' " *Id.* at 367 (quoting *C.A. Bean v. State,* 818 N.E.2d 148, 152 (Ind.Ct.App.2004)).

In this case, the State presented evidence that on the night of January 25, 2009, Officer Ball discovered a crack pipe tucked behind the driver's door handle of Helms' vehicle. The State, however, failed to show any possible harm resulting from the possession. *See C.A. Bean,* 818 N.E.2d at 151 (finding no evidence of harm where officers discovered a used crack pipe in the defendant's vehicle, where two children also were present).

Given that the State did not present sufficient evidence to sustain a conviction for reckless possession of paraphernalia, we find that the trial court erred in denying Helms' motion to dismiss that charge. Accordingly, we reverse the trial court's denial of Helms' motion to dismiss and remand with instructions to dismiss the charge against Helms for reckless possession of paraphernalia.

In conclusion, we affirm the trial court's admission of the pipe into evidence. We, however, reverse the trial court's denial of Helms' motion to dismiss the charging information for reckless possession of paraphernalia as the State failed to produce any evidence of recklessness.

Affirmed in part, reversed in part, and remanded with instructions.

BAKER, C.J., and CRONE, J., concur.