

**FILED**
May 27 2015, 9:09 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender's Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nickole Nichols,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 27, 2015

Court of Appeals Case No.
49A04-1408-CR-386

Appeal from the Marion Superior
Court

Lower Court Cause No.
49F08-1304-CM-22256

The Honorable David M. Hooper,
Magistrate

**Pyle, Judge.**

# Statement of the Case

Appellant/Defendant, Nickole Nichols ("Nichols"), appeals her conviction, after a bench trial, for Class A misdemeanor prostitution.[1] Nichols was arrested for prostitution after she agreed to have sex in exchange for money with an undercover detective outside of a strip club. At trial, she filed an Indiana Trial Rule 41(B) motion to dismiss the charge after the State presented its case-in-chief, raising the affirmative defense of entrapment and arguing that the State had not presented sufficient to rebut the defense. In support of this argument, she noted that the undercover detective had solicited the criminal activity. The trial court denied the motion, finding that, while there was evidence that the detective had induced Nichols' behavior, there was also evidence that she was pre-disposed to prostitution and, therefore, the detective did not entrap her. On appeal, Nichols disputes the trial court's denial of the motion and argues again that she was entrapped into committing prostitution. Because we find that the undercover detective presented Nichols with a mere opportunity to commit prostitution, but did not otherwise induce the offense, we conclude that there was no entrapment. In addition, there was sufficient evidence to support Nichols' conviction.

We affirm.

---

[1] IND. CODE § 35-45-4-2(1). This statute was amended effective July 1, 2014. It has also been amended again, and the amendments will go into effect July 1, 2015. However, since Nichols committed her offense in 2013, we will apply the version of the statute in effect at that time.

# Issue

Whether the trial court erred in denying Nichols' Trial Rule 41(B) motion to dismiss.

# Facts

Around 10:00 or 11:00 p.m. on April 6, 2013, Detective Henry Castor ("Detective Castor"), an officer in the Human Trafficking Vice Division of the Indianapolis Metropolitan Police Department, went to the Classy Chassy[2] strip club in Indianapolis as part of an undercover operation. He was dressed in plain clothes and was tasked with determining whether any illegal acts, such as prostitution or drug use, were occurring in the establishment.

After Detective Castor entered the strip club, Nichols approached him, and they engaged in casual conversation. Detective Castor asked Nichols what private dances were available in the club, and she told him that there was a room where a patron could pay $20 per song for "one on one" time with a dancer. (Tr. 18). The room itself was open, and multiple dancers used the room at once. Nichols also told Detective Castor that there was a VIP room where a patron could pay $150 to be alone with a dancer for thirty minutes. Detective Castor asked if he could get a "hand job" or get anything "extra . . . besides just what would be considered a dance" if he went into the VIP room. (Tr. 19). Nichols responded "yes," and the two went to the VIP room. (Tr. 19).

---

[2] As the State notes, the club's name is spelled "Class Chassis" throughout the transcript, but it appears that the name of the club is actually "Classy Chassy." (App. 14).

[4] In the VIP room, Nichols began to dance, and Detective Castor asked, "could there be more like sex[?]" and Nichols said "[y]eah." (Tr. 19). Detective Castor asked, "Well[,] what about outside of the establishment?" and Nichols agreed that she would have sex with Detective Castor outside of the establishment for an additional $50. (Tr. 19).

[5] Shortly thereafter, Detective Castor left the club. There were several undercover officers at the club that night, and after Detective Castor left, other officers entered with a warrant and arrested several people, including Nichols.

[6] On April 6, 2013, the State charged Nichols with Class A misdemeanor prostitution. The trial court held a bench trial on March 12, 2014. At the conclusion of the State's presentation of evidence, Nichols moved for an involuntary dismissal of the charge under Trial Rule 41(B), arguing that the statutory defense of entrapment under INDIANA CODE § 35-41-3-9 applied, that the evidence established inducement, and that the State had failed to show that Nichols was predisposed to commit prostitution. The trial court continued the trial, and the parties submitted written motions and memoranda on the Trial Rule 41(B) motion. On June 5, 2014, the trial court denied the motion. The trial court found that the evidence established inducement by Detective Castor, but it determined that other evidence was sufficient to prove that Nichols was predisposed to commit prostitution.

[7] Subsequently, the trial court concluded the trial on July 25, 2014, and Nichols rested her case without presenting evidence. The court found Nichols guilty as

charged and sentenced her to a 365 days of supervised probation. Nichols now appeals.

# Decision

On appeal, Nichols argues that the trial court erred in denying her Trial Rule 41(B) motion to dismiss because the State did not produce sufficient evidence to rebut her entrapment defense. Therefore, she argues, there was insufficient evidence to support her conviction. Specifically, she asserts that Detective Carson induced the offense and that the State did not present any evidence that she was predisposed to the offense.

Our review of a trial court's Trial Rule 41(B) decision is well-established:

> The grant or denial of a motion to dismiss made under Trial Rule 41(B) is reviewed under the clearly erroneous standard. In reviewing a motion for involuntary dismissal, this [C]ourt will not reweigh the evidence or judge the credibility of the witnesses. We will reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court.

*Todd v. State*, 900 N.E.2d 776, 778 (Ind. Ct. App. 2009) (internal citations omitted). In a criminal action, "'[t]he defendant's [Trial Rule 41(B)] motion is essentially a test of the sufficiency of the State's evidence.'" *Id.* (quoting *Workman v. State*, 716 N.E.2d 445, 448 (Ind. 1999)). Notably, our review of the denial of a motion for involuntary dismissal is limited to the State's evidence presented during its case-in-chief. *Id.*

[10] In order to prove that Nichols committed Class A misdemeanor prostitution, the State was required to prove that she "knowingly or intentionally: (1) perform[ed], or offer[ed,] or agree[d] to perform, sexual intercourse or other sexual conduct (as defined in [INDIANA CODE §] 35-31.5-2-221.5); . . . for money or other property[.]" I.C. § 35-45-4-2.

[11] Nichols acknowledges that the State established the elements of Class A misdemeanor prostitution, but she argues that it did not rebut her defense of entrapment. Entrapment is an affirmative defense that admits the facts of the crime but claims that the act was justified. *See Hoskins v. State*, 563 N.E.2d 571, 576 (Ind. 1990). INDIANA CODE § 35-41-3-9 defines entrapment as:

> [a] defense that:
>
> (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
>
> (2) the person was not predisposed to commit the offense.

"Conduct merely affording a person an opportunity to commit the offense does not constitution entrapment." I.C. § 35-41-3-9. Once a defendant indicates that she intends to rely on the defense of entrapment and establishes police inducement, the burden shifts to the State to rebut the inducement element, *Griesemer v. State*, 26 N.E.3d 606, 609 (Ind. 2015), or demonstrate the defendant's predisposition to commit the crime. *Ferge v. State*, 764 N.E.2d 268, 271 (Ind. Ct. App. 2002).

[12] To rebut the first element of the entrapment defense, inducement, the State must prove police efforts did not produce the defendant's prohibited conduct because those efforts lacked a "'persuasive or other force.'" *Griesemer*, 26 N.E.3d at 609 (quoting *Williams v. State*, 412 N.E.2d 1211, 1215 (1980)). Our Indiana Supreme Court recently addressed the issue of inducement in *Griesemer*. There, the defendant, Griesemer, drove past an undercover police officer who was posing as a prostitute on a corner in Indianapolis. *Id.* at 607. Griesemer "looped around the block and returned a few minutes later, stopping near her just before a stop sign," and asked her if she needed a ride. *Id.* The police officer declined, saying that she "was trying to make some money." *Id.* Griesemer nodded his head towards his passenger seat, and the police officer asked him how much money he had. *Id.* He nodded a second time, so the police officer asked him about money again, and he told her that he had twenty dollars. *Id.* The officer said that she could "do head" for that amount, and Griesemer nodded towards his seat a third time. *Id.* The police officer told him to meet her down the street, where he was arrested and charged with patronizing a prostitute. *Id.*

[13] The trial court found Griesemer guilty as charged, and he appealed, arguing that he had raised the entrapment defense by showing police inducement. *Id.* at 608. Specifically, he argued that the police officer induced the conduct because she had been the one to first mention money, sex, and the possibility of trading one for the other. *Id.* Our supreme court found that, even though the officer had first mentioned the activity, "the policing efforts did not produce

Griesemer's criminal conduct." *Id.* at 610. The Court reasoned that the officer did not give an "explicit directive or order" and "did not exert a persuasive or other force over Griesemer." *Id.* (citing *Albaugh v. State*, 721 N.E.2d 1233, 1237 (Ind. 1999)). She merely afforded him "'an opportunity to commit the offense,'" which, as the Court noted, the statute expressly declares does not constitute entrapment. *Id.* (quoting I.C. § 35-41-3-9(b)).

[14] The Court further compared the facts of *Griesemer* to *Albaugh*, where it found that there was entrapment. There, Albaugh's truck broke down a quarter mile from his house, and he and his girlfriend went home and started drinking whiskey. *Albaugh*, 721 N.E.2d at 1233. A few hours later, two deputies came to Albaugh's house and ordered him to remove his car from the road before it became a hazard. *Id.* at 1234. Although Albaugh said he would move it in the morning, one of the deputies said "you've got to move it and you've got to move it now." *Id.* at 1237. Then, when Albaugh went to move the car, the deputies arrested him for driving while intoxicated. *Id.* The Court found on appeal that the deputies had entrapped Albaugh because their conduct constituted persuasion, "if not explicit direction or order." *Id.*

[15] Detective Castor's conduct here was more closely equivalent to the undercover officer's conduct in *Griesemer*. As in *Griesemer*, he was the first to mention sexual conduct. In addition, as the trial court noted, he was already in the process of exchanging money with Nichols for a legitimate business purpose when he mentioned the sexual conduct. However, as in *Griesemer*, we do not find that his policing efforts produced Nichols' criminal conduct. Detective

Castor merely asked Nichols questions and "did not exert a persuasive or other force" over her. *Griesemer*, 26 N.E.3d at 610. Nichols readily responded "yeah," both when Detective Castor asked if "fondl[ing]" and sex were a possibility. (Tr. 19). Then, when Detective Castor asked if they could have sex outside of the establishment, Nichols readily proposed a price for that activity. Accordingly, we conclude that Detective Castor merely afforded Nichols "'an opportunity to commit the offense,'" which does not constitute entrapment. *Id.* (quoting I.C. § 35-41-3-9(b)).

[16] Because we determine that Detective Castor did not induce Nichols' conduct, we need not address her arguments regarding her predisposition. *Id.* (citing *McGowan v. State*, 674 N.E.2d 174, 175 (Ind. 1996) (holding that because entrapment is established by the existence of two elements, it is defeated by the nonexistence of one)). The State produced sufficient evidence to rebut Nichols' entrapment defense and, thus, we conclude that the trial court did not err in denying Nichols' Trial Rule 41(B) motion to dismiss. Also, as Nichols does not otherwise dispute the sufficiency of the evidence, we affirm her conviction.

Affirmed.

Crone, J., and Brown, J., concur.