## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 12 2016, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mario Garcia
Brattain Minnix Garcia
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert C. Mackrill,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 12, 2016

Court of Appeals Case No.
30A04-1602-CR-387

Appeal from the Hancock Circuit Court

The Honorable Richard D. Culver, Judge

Trial Court Cause No.
30C01-1508-F6-1194

**Crone, Judge.**

# Case Summary

[1] The trial court found Robert C. Mackrill guilty of committing class A misdemeanor domestic battery against his wife. On appeal, Mackrill argues that the court erred in denying his motion for involuntary dismissal, claiming that the State failed to prove that his wife suffered bodily injury. We disagree and therefore affirm.

# Facts and Procedural History

[2] On August 7, 2015, Mackrill's wife called 911. The recording of the 911 call indicates that she was crying and extremely agitated. State's Ex. 1. She stated that "my husband just attacked me" and that he "choked me" and "threw me on the ground." *Id*. She gave her name and address to the operator and stated that her nineteen-month-old baby was with her.

[3] Hancock County Deputy Sheriff David Wood responded to the call and "was greeted by a female who ran out of the front door crying with a baby in her arms." Tr. at 30. According to the deputy, the female "was hysterically crying, she was sobbing." *Id*. at 31. The deputy went inside and talked with Mackrill, who was "pacing back and forth and angry" and stated that "he had spoke[n] with somebody on the telephone that [his wife] did not approve of which sparked an argument." *Id*. at 32. Both Mackrill and his wife claimed to be victims of domestic violence.

[4] Mackrill provided a written statement in which he claimed that his wife had "assaulted" him and that he defended himself "by wrapping [his] arms around

her arms and torso so that she couldn't continue to hit [him]." State's Ex. 4. After he did so, they "both fell to the floor […] and she immediately started to act as though [he] was choking her[.]" *Id.*

[5] The State charged Mackrill with domestic battery, strangulation, and criminal confinement, all as level 6 felonies. In August 2015, when the crimes were allegedly committed, the domestic battery statute provided in relevant part that a person who knowingly or intentionally touches his spouse in a rude, insolent, or angry manner that results in bodily injury to the spouse commits domestic battery as a class A misdemeanor. Ind. Code § 35-42-2-1.3(a). The offense is elevated to a level 6 felony if the person committed it in the physical presence of a child less than sixteen years of age, "knowing that the child was present and might be able to see or hear the offense." Ind. Code § 35-42-2-1.3(b)(2).

[6] At Mackrill's bench trial, his wife did not testify, but the recording of the 911 call and his written statement were admitted over his objection.[1] When questioned by the prosecutor, Deputy Wood testified that Mackrill said that

> he was hit in [the] ribs by a, what he describes as a glancing blow that did not hurt. Uh, after he was hit with the glancing blow in the ribs […] he said that he wrapped Mrs. Mackrill up by the torso around the arms and they fell to the ground[.]"

---

[1] Mackrill does not challenge the admissibility of this evidence on appeal.

Tr. at 33. The deputy also testified that he did not observe "any kind of injuries" on either Mackrill or his wife. *Id*. at 34. On cross examination, defense counsel asked, "And I believe you testified you didn't see any signs of injury on either party, Mrs. Mackrill, Mr. Mackrill, is that correct?" *Id*. at 41. The deputy replied, "Uh, other than the complaint of pain, uh, no visible signs of injury." *Id*.

[7] After the State rested, Mackrill moved for involuntary dismissal pursuant to Indiana Trial Rule 41(B).[2] The State moved to dismiss the strangulation and criminal confinement charges. The trial court denied Mackrill's motion to dismiss the domestic battery charge and granted the State's motion to dismiss the other charges. Based upon the evidence presented, the court found "that there was insufficient evidence on the additional […] elements to enhance [the domestic battery] charge to a Level 6 Felony" and found Macrkrill guilty of domestic battery as a class A misdemeanor. *Id*. at 58. This appeal ensued.

---

[2] Trial Rule 41(B) states in pertinent part,

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

# Discussion and Decision

[8] On appeal, Mackrill contends that the trial court erred in denying his motion for involuntary dismissal. Such a motion is essentially a test of the sufficiency of the State's evidence. *Workman v. State*, 716 N.E.2d 445, 448 (Ind. 1999).

> Our standard of review on appeal is to determine, considering as true all of the State's evidence, along with reasonable inferences which can be drawn therefrom, whether there was sufficient evidence of probative value to support a finding as to each element of the offenses with which the defendant was charged.

*State v. Holmes*, 181 Ind. App. 634, 635-36, 393 N.E.2d 242, 243 (1979). "[T]his court will not reweigh the evidence or judge the credibility of the witnesses. We will reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court." *Todd v. State*, 900 N.E.2d 776, 778 (Ind. Ct. App. 2009) (citations omitted).

[9] Mackrill contends that the State failed to prove that his wife suffered bodily injury, which is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. This definition "contains no requirement that the pain be of any particular severity, nor does it require that the pain endure for any particular length of time. It must simply be *physical* pain." *Toney v. State*, 961 N.E.2d 57, 59 (Ind. Ct. App. 2012).

[10] During her 911 call, Mackrill's wife told the operator that Mackrill had thrown her to the ground. Mackrill himself admitted that she had fallen to the ground, albeit as a result of his alleged self-defense. Pursuant to our standard of review,

we must consider the State's evidence to be true. It is reasonable to infer that being thrown to the ground would cause pain, and in fact Deputy Wood testified that a "complaint of pain" was made. Tr. at 41. Given that Mackrill denied being hurt by his wife's "glancing blow" to his ribs, *id*. at 33, it is reasonable to infer that Mackrill's wife was the one who complained of pain, which satisfies the bodily injury requirement of the domestic battery statute.[3] Mackrill's argument to the contrary is an invitation to reweigh evidence, draw inferences, and judge witness credibility in his favor, which we may not do. Therefore, we affirm the denial of his motion for involuntary dismissal.

[11] Affirmed.

Kirsch, J., and May, J., concur.

---

[3] In light of the trial court's dismissal of the strangulation charge, we agree with Mackrill that we may not infer that his wife suffered bodily injury from choking.