## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 04 2017, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Manuel Biggs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 4, 2017

Court of Appeals Case No.
49A02-1611-CR-2537

Appeal from the Marion Superior
Court.
The Honorable David Hooper,
Magistrate.
Cause No. 49G08-1608-CM-33007

**Darden, Senior Judge**

# Statement of the Case

Manuel Biggs appeals his conviction of patronizing a prostitute, a Class A misdemeanor.[1] We affirm.

# Issue

Biggs raises one issue, which we restate as: whether the State presented sufficient evidence to rebut Biggs' defense of entrapment.

# Facts and Procedural History

On August 23, 2016, Detective Laura Spicer of the Indianapolis Metropolitan Police Department worked undercover with other officers as part of a prostitution sting operation. She had worked on similar sting operations "hundreds" of times before. Tr. Vol. II, p. 11.

On that day, Detective Spicer stood alone at the corner of Tenth and Tacoma Streets in Indianapolis. She was wearing pajama pants and a t-shirt. Other officers were watching her from concealed locations.

At approximately 11:40 a.m., a person, later identified as Biggs, was driving west on Tenth Street when he made eye contact with Detective Spicer. He

---

[1] Ind. Code § 35-45-4-3 (2014).

nodded first at her and she nodded back. He then drove around the corner onto north Tacoma Street and stopped his car approximately six feet from her.

[6] Detective Spicer walked up to the passenger side window and asked Biggs, "Did you stop for me?" *Id.* at 8. He responded, "Sure." *Id.* The following exchange occurred, as relayed by Detective Spicer:

> I asked him, 'Hey, where you headed?'. He said, 'Come on' and so, he didn't say anything like do you need a ride or anything like that. I just said 'Where you headed' and he said 'Come on'. So then I said, 'Well, you got like twenty bucks for me' and when he said 'Come on', I went ahead and opened the passenger side door.

*Id.*

[7] After Detective Spicer asked Biggs if he had "twenty bucks," Biggs nodded affirmatively. *Id.* Detective Spicer asked, "Well, are you looking for head or a [f**k]?" *Id.* at 9. Biggs got angry and said, "Come on. Just get in." *Id.* She said, "Well, you know there's girls, a hundred girls a meter," and "What are you trying to look for?" *Id.* Biggs said again, "Come on. Just get in. There's police all around here." *Id.*

[8] Detective Spicer told him, "Well, we can go to my apartment to [f**k] or we can stay in the car and do head in the alley or whatever. What are you looking for?" *Id.* at 9-10. Biggs responded, "Head. Head or something." *Id.* at 10. Biggs next stated, "Well, I'll take care of you if you take care of me." *Id.* During their conversation, Biggs never offered Detective Spicer a ride or asked whether she needed assistance.

Detective Spicer surreptitiously signaled the other officers, closed the car door, and walked away. Biggs started to drive down the street, but he was stopped by officers in a marked police car. Detective Spicer and other officers arrested him.

The State charged Biggs with patronizing a prostitute. A bench trial was conducted, and the judge found Biggs guilty as charged and imposed sentencing. This appeal followed.

## Discussion and Decision

Biggs does not challenge the State's evidence establishing the elements of Class A misdemeanor patronizing a prostitute. Instead, he argues that the State failed to disprove his defense of entrapment. When reviewing the sufficiency of the evidence to rebut a defense, we neither reweigh the evidence nor reassess the credibility of the witnesses. *Griesemer v. State,* 26 N.E.3d 606, 608 (Ind. 2015). We look to the probative evidence supporting the judgment and the reasonable inferences drawn from that evidence. *Id.* If we find a reasonable trier of fact could infer guilt beyond a reasonable doubt, we will affirm the conviction. *Id.*

The defense of entrapment is defined by statute as follows:

> (a) It is a defense that:
>
> (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
>
> (2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

Ind. Code § 35-41-3-9 (1977). Once a defendant indicates he or she intends to rely on the defense of entrapment and asserts police inducement, the burden shifts to the State to rebut the inducement element or demonstrate the defendant's predisposition to commit the crime. *Nichols v. State*, 31 N.E.3d 1038, 1041 (Ind. Ct. App. 2015). Thus, there is no entrapment if the State proves that either: (1) there was no police inducement; or (2) the defendant was predisposed to commit the crime. *Mobley v. State*, 27 N.E.3d 1191, 1196 (Ind. Ct. App. 2015). The State bears the burden of disproving entrapment beyond a reasonable doubt. *Griesemer*, 26 N.E.3d at 609.

[13] Regarding the element of inducement, the State must prove police efforts did not produce the defendant's prohibited conduct through persuasive force or other means. *Id*. In *Griesemer*, the defendant drove past an undercover officer who was posing as a prostitute before returning and parking near her. When the officer approached the car window, Griesemer offered her a ride but she declined, stating she was trying to make money. He repeatedly gestured that she should get in the car. The officer twice asked Griesemer how much money he had, and he said he had twenty dollars. She said she could perform fellatio for that amount, and he nodded his head in agreement. The officer told Griesemer to pick her up just down the street, and as he drove down the street other officers stopped him. Griesemer was convicted of patronizing a prostitute.

[14]     On appeal, Griesemer argued the undercover officer entrapped him. The Indiana Supreme Court reviewed the evidence and concluded the State demonstrated the officer did not induce Griesemer to commit the crime. The Court noted Griesemer approached the officer and twice invited her into the car before she mentioned exchanging money for a sexual act. In addition, the officer merely offered him an opportunity to commit the crime and did not exert persuasive force over Griesemer.

[15]     There are strong parallels between this case and *Griesemer*. The evidence reveals that Biggs, like Griesemer, initiated contact with the undercover officer. Also, just as in Griesemer's case, Biggs invited the undercover officer into his car first. Further, Biggs, like Griesemer, indicated to the officer he had twenty dollars before they discussed a sexual act. Finally, Detective Spicer did not attempt to persuade Biggs to engage in a sexual act. Instead, she merely afforded him the opportunity to commit the offense by presenting sexual options, and Biggs informed her that he wanted her to perform fellatio. In fact, the State's evidence herein appears to be somewhat stronger than in Griesemer's, because Griesemer initially asked the undercover officer if she needed a ride; however, Biggs never asked Detective Spicer if she needed a ride or other assistance. *Cf. Ferge v. State*, 764 N.E.2d 268, 271-72 (Ind. Ct. App. 2002) (State failed to rebut evidence of entrapment where, among other factors, defendant offered the undercover officer a ride and other evidence indicated defendant gave rides to strangers, thus demonstrating a lack of predisposition to commit the offense of patronizing a prostitute).

In essence, the State presented sufficient evidence to establish that Detective Spicer did not use persuasion or other means to cause Biggs to engage in criminal conduct. Merely affording him the opportunity to commit the crime does not rise to the level of entrapment. The State thus rebutted Biggs' defense of entrapment. *See Nichols*, 31 N.E.3d at 1042 (State established undercover officer did not induce offense where officer merely asked questions of the defendant and did not exert persuasive force). We need not address the element of predisposition.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Baker, J., and Crone, J., concur.