# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2020, 6:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Seth Lukasha, *Appellant-Defendant,* | June 18, 2020 |
| v. | Court of Appeals Case No. 20A-CR-5 |
| | Appeal from the Decatur Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Matthew D. Bailey, Judge |
| | Trial Court Cause No. 16D01-1810-F5-1323 |

**Najam, Judge.**

## Statement of the Case

[1] Seth Lukasha appeals his conviction for carrying a handgun without a license, as a Class A misdemeanor, following a jury trial. Lukasha raises one issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] Shortly after midnight on October 11, 2018, Sergeant Christopher Bridges with the Greensburg Police Department observed the driver of a truck turn without using a turn signal. He then observed the truck go "back and forth" over the center line. Tr. Vol. II at 140. At that point, Sergeant Bridges initiated a traffic stop of the truck, but it took "a while" for the truck to pull over. *Id.* While he waited for the truck to stop, Sergeant Bridges observed the truck's driver "moving around a lot," and he saw the driver turn around and look at him. *Id.*

[4] Once the truck came to a stop, Sergeant Bridges approached the driver's side of the vehicle and identified the driver as Krystal Dean. As Sergeant Bridges spoke with Dean, he detected the odor of burnt marijuana coming from the vehicle. He then asked Dean and Lukasha, who was in the front passenger seat, to exit the vehicle. Lukasha was "very anxious," and he "became a safety concern" for Sergeant Bridges, so Sergeant Bridges informed Lukasha that he was going to conduct a search of Lukasha. *Id.* at 143. At that point, Lukasha informed Sergeant Bridges that he had a handgun on his person. Sergeant

Bridges located a Glock handgun in a holster on Lukasha's waistband. Sergeant Bridges then searched the truck and found a blue bag behind the passenger seat. In that bag, Sergeant Bridges found a revolver, ammunition, and "safety equipment." *Id*. at 145. Lukasha admitted to Sergeant Bridges that the blue bag belonged to him.

[5] The State charged Lukasha with carrying a handgun without a license, as a Class A misdemeanor.[1] The trial court then held a jury trial. During the trial, Lukasha testified that he had a revolver in the bag and a Glock handgun on his person when Sergeant Bridges stopped Dean's car. Lukasha also testified that, while he used to have a valid license to carry a handgun in Indiana, he did not currently have one. At the conclusion of the trial, the jury found him guilty. The court entered judgment of conviction accordingly and sentenced him to ten days in the Decatur County Jail. This appeal ensued.

## Discussion and Decision

[6] Lukasha asserts that the State failed to present sufficient evidence to support his conviction. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do

---

[1] The State also charged Lukasha with possession of a narcotic, as a Level 5 felony, and possession of marijuana, as a Class B misdemeanor, based on items Sergeant Bridges had located in the truck. But the jury found Lukasha not guilty of those charges.

not assess the credibility of witnesses or reweigh the evidence. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

*Love v. State*, 73 N.E.3d 693. 696 (Ind. 2017).

[7] In order to convict Lukasha, the State was required to prove that he had carried a handgun in a vehicle or on his body without being licensed. *See* Ind. Code § 35-47-2-1(a) (2019). "Once the State establishes that a defendant carried a handgun on or about his person, away from his dwelling, property, or fixed place of business, the burden shifts to the defendant to demonstrate that he possessed a valid license." *Webster v. State*, 64 N.E.3d 919, 921 (Ind. Ct. App. 2016). Here, the State readily presented evidence that Lukasha carried a handgun on his person away from his dwelling or place of work. Indeed, Lukasha acknowledged that he had the Glock handgun on his person while in the truck. At that point, the burden shifted to Lukasha to demonstrate that he had a valid license. But Lukasha admitted that he did not have a valid license to carry that firearm.

[8] Still, Lukasha maintains that the State presented insufficient evidence to support his conviction because there is no evidence that he was in possession of that handgun "with the intent to use [it] in the commission of a crime" or "with the intent to provide it to someone else for the commission of a crime." Appellant's Br. at 11. Rather, he asserts that he was simply transporting the firearm from his family farm, where he was "authorized to carry and shoot it"

to his home "where he was legally allowed to carry it." *Id*. at 8. Accordingly, he maintains that none of his actions "implicated the reasons for the handgun licensure legislation in Indiana." *Id*. at 11.

[9] However, we agree with the State that there is no peaceful conduct exception to the licensure requirement. We further agree with the State that the legislature has provided a method by which people without a valid license to carry a handgun can transport their firearms. Indeed, Indiana Code Section 35-47-2-1(b)(4) provides that a person may carry a handgun without being licensed if that person carries the handgun while lawfully present in a vehicle and if the handgun is "unloaded," "not readily accessible," and "secured in a case." But, here, the evidence demonstrates that the Glock handgun was located in a holster on Lukasha's waistband. That evidence demonstrates that the handgun was readily accessible and not secured in a case.[2] As such, the State presented evidence that Lukasha did not comply with Indiana Code Section 35-47-2-1(b)(4).

[10] In sum, Lukasha possessed a firearm without a valid license. And Lukasha did not comply with the method by which he could legally transport his firearm without a license. Accordingly, the State presented sufficient evidence to demonstrate that Lukasha carried a handgun without a license. We therefore affirm his conviction.

---

[2] There is no evidence regarding whether the handgun was loaded.

Affirmed.

Kirsch, J., and Brown, J., concur.